IMOGENE MAUD LOUDOUN, Respondent, *v.* THE EIGHTH AVENUE RAILROAD COMPANY and THE THIRD AVENUE RAILROAD COMPANY, Appellants.

1. NEGLIGENCE — QUESTION OF FACT. Where, in an action to recover damages for injuries sustained by a passenger in an open horse car which was struck at its rear by a cable car of another independent street railway whose line crossed the horse car line at right angles, there is no evidence of the relative position or speed of the cars as they approached the intersection, the

negligence of both street railway corporations is a question for the jury; and a charge of the trial court that the accident raised a presumption of negligence, and that there was no testimony to overcome the presumption, is an error which is not cured by repeated instructions of the court that the burden of proof is on the plaintiff to establish each element of her case, including the negligence of both defendants.

2. Res Ipsa Loquitur — Doctrine Applies to Carrying, but not to Colliding, Company. The fact of the accident raises a presumption, under the doctrine of *res ipsa loquitur*, that the carrier of the passenger was negligent, for it was bound to exercise a very high degree of care, especially at an intersection with another road, but no such presumption arises against the other street railway, as it, not being the carrier, was bound to exercise only ordinary care under such circumstances.

3. Erroneous Charge that Accident was Unexplained. It is erroneous for the trial court to charge as matter of law that no explanation of the accident, required of the carrier under the circumstances, had been given where the proof is that the cable car struck the horse car at its rear end, as how far that fact tended to show that the horse car had properly and carefully proceeded over the crossing and that the collision was not its fault, but was the fault of the other street railway, is a question of fact for the jury.

*Loudoun* v. *Eighth Ave. R. R. Co.*, 16 App. Div. 152, reversed.

(Argued February 9, 1900; decided March 27, 1900.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 23, 1897, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Hardy* for the Eighth Avenue Railroad Company, appellant. The court erred in denying the motion which was made to dismiss the complaint as against the Eighth Avenue Railroad Company when the plaintiff rested. (Whittaker's Smith on Negligence, § 421; *Wright* v. *M. Ry. Co.*, L. R. [8 Exch.] 137; *Daniel* v. *M. R. Co.*, L. R. [3 C. P.] 216; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 236; *Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 535; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 300; *Quinlan* v. *S. A. R. R. Co.*, 4 Daly, 488; *P. C. & S. L. R. R. Co.* v. *Spencer*, 98 Ind. 186;

*Smith* v. *S. P. C. Ry. Co.*, 50 Am. Rep. 551; *Potts* v. *C. C. Ry. Co.*, 33 Fed. Rep. 611.) The court erred in refusing to charge as requested that no inference of negligence against the Eighth Avenue Railroad Company must be drawn simply because of the occurrence of the accident, and defendant's exception was well taken. (*Babcock* v. *F. R. R. Co.*, 140 N. Y. 308, 311; *Morris* v. *L. S. & M. S. R. Co.*, 148 N. Y. 182; *Hart* v. *H. R. B. Co.*, 84 N. Y. 56.)

*Herbert R. Limburger* and *Henry L. Scheuerman* for the Third Avenue Railroad Company, appellant. The court erred in charging that the mere fact of the collision raised a presumption that the defendant the Third Avenue Railroad Company was guilty of negligence. (*Falke* v. *T. A. R. R. Co.*, 38 App. Div. 49.) The mere happening or occurrence of an accident does not raise a presumption of negligence, but proof must be offered to show that defendant omitted to perform some duty. (*Holbrook* v. *U. S. R. R. Co.*, 12 N. Y. 236; *Dobbins* v. *Brown*, 119 N. Y. 188; *Cosulich* v. *S. O. Co.*, 122 N. Y. 118; *De Vau* v. *P. & N. Y. C. & R. R. Co.*, 130 N. Y. 632; *Kirby* v. *D. & H. C. Co.*, 20 App. Div. 473; *Kay* v. *M. S. Ry. Co.*, 29 App. Div. 466; *Kearney* v. *L.*, etc., *R. R. Co.*, L. R. [5 Q. B.] 411; *Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 534; *Edgerton* v. *N. Y. & H. R. R. Co.*, 39 N. Y. 227; *Mullen* v. *St. John*, 57 N. Y. 567, 571.) The court erred in charging the jury that the defendant Third Avenue Railroad Company is liable, providing the collision can be attributed to the want of care. (*Reardon* v. *T. A. R. R. Co.*, 24 App. Div. 163; *Leonard* v. *Collins*, 70 N. Y. 90.) The plaintiff failed to prove that the defendant Third Avenue Railroad Company was negligent. (*Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356, 366; *Hart* v. *H. R. B. Co.*, 84 N. Y. 56, 62; *Searles* v. *M. Ry. Co.*, 101 N. Y. 661, 662; *Unger* v. *F. S. S. & G. S. F. R. R. Co.*, 51 N. Y. 497; *Falotio* v. *B. & S. A. R. R. Co.*, 9 Daly, 243; *P. C. & S. L. R. R. Co.* v. *Spencer*, 98 Ind. 186; *Tompkins* v. *C. S. R. R. Co.*, 66 Cal. 183.)

*C. N. Bovee, Jr.*, and *J. Baldwin Hands* for respondent. The action was properly brought against both defendants. They are both liable to plaintiff for injuries. (*Colgrove v. N. Y. & N. H. R. R. Co.*, 20 N. Y. 492; *Barrett v. T. A. R. R. Co.*, 45 N. Y. 628; *Webster v. H. R. R. R. Co.*, 38 N. Y. 260.) The plaintiff had established a *prima facie* case of negligence against both defendants when she rested. The accident was such as in the ordinary course of business does not happen if reasonable care is used, and, in the absence of an explanation by defendants, affords sufficient evidence that the accident arose from the want of care by both defendants. (*Volkmer v. M. R. Co.*, 134 N. Y. 418; *Hogan v. M. R. Co.*, 149 N. Y. 23; *Alberti v. N. Y., L. E. & W. R. R. Co.* 43 Hun, 421; 118 N. Y. 77; *Seyboldt v. N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562; *Horowitz v. H. A. P. Co.*, 18 Misc. Rep. 24; *Breen v. N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 298; *Kay v. M. S. R. Co.*, 29 App. Div. 466; *Met v. Kennedy*, 51 U. S. App. 503.)

CULLEN, J. This action was brought to recover damages for personal injuries alleged to have been received in a collision between the cars of the two defendants. The plaintiff and her husband were passengers in an open horse car on the Eighth Avenue railroad. The Third Avenue Railroad Company operated a cable road on One Hundred and Twenty-fifth street, which crosses Eighth avenue at right angles. At the time of the collision the plaintiff was sitting in the rear seat of the Eighth avenue car. That car, while passing over the intersection of the two roads, was struck by the cable car at the point where the plaintiff was sitting with such force as to throw the horse car from the track. · The plaintiff was thrown down from her seat and, undoubtedly, was bruised, but whether she received the serious injuries to her nerves and health for which she was allowed compensation was a matter of controversy. The evidence as to the manner in which the collision occurred is extremely meagre, consisting only of the testimony of the plaintiff and her husband. Neither defend-

ant produced as witnesses the employees in charge of its car. Neither the plaintiff nor her husband noticed the approach of the cable car, and they were able to state only that while the car in which they were riding was passing over the crossing it was struck by the other car.

We agree with the learned court below that the details of the collision, meagre as they were, required submission to the jury of the issue of negligence as to each defendant, and that a nonsuit as to either would have been improper.    It is true, as claimed by the Third Avenue Railroad Company, that the fact that the Eighth avenue railroad car was first on the crossing does not conclusively show that such car had the right of way.    But, in the absence of any evidence showing the relative position or speed of the two cars as they approached the intersection, it did constitute evidence from which the jury might have inferred that the Eighth avenue car was entitled to precedence.    The cogency of the evidence would also depend on the part of the horse car that was struck by the cable car.    In the present case it appears that the horses and a great portion of the car itself had passed the crossing before the collision occurred.    We do not say that, on this proof, the defendant the Third Avenue Railroad Company was negligent, as matter of law, but only that it was a question of fact for the jury.

We are of opinion, however, that the learned trial judge erred in his instructions to the jury, and that for such errors this judgment must be reversed.    The court charged : " It is, therefore, a reasonable presumption, in the absence of any explanation, that the accident resulted from the want of ordinary care on the part of the defendants.    When the plaintiff rested her case, therefore, the burden was upon the defendants of showing such facts as warrant the conclusion that the accident was due to circumstances which the exercise of ordinary care could not foresee and guard against.    Now, no testimony is offered by the defendants to overcome this presumption. The driver of the Eighth avenue car was not called ; it does not appear that he was where he could be called.    There is no

explanation given, and, therefore, I am bound to say to you that there is no testimony to overcome the presumption of negligence which the circumstances have disclosed; there is no testimony on the part of the defendants to overcome the presumption created by the circumstances under which the collision took place." As we read this part of the charge the issue of the defendants' negligence was substantially taken away from the jury. It is true that the court repeatedly charged that the burden of proof rested on the plaintiff to establish each element of her case, including that of the negligence of the defendants. But, taken in connection with the portion of the charge quoted, that the accident raised a presumption of negligence, and that there was no testimony to overcome the presumption, the jury was substantially told the plaintiff had successfully borne that burden. Each defendant took an exception to that part of the charge which instructed the jury that the accident raised a presumption of negligence against it calling for an explanation, though neither seems to have excepted to the charge that no explanation had been given.

The appellant the Third Avenue-Railroad Company insists that the doctrine *res ipsa loquitur* does not apply to it, and that the instruction that the occurrence of the collision raised a presumption of negligence upon its part calling for an explanation was erroneous. With this claim we agree. (*Falke v. Third Avenue Railroad Company*, 38 App. Div. 49.) That defendant, not being the carrier, was bound only to the exercise of ordinary care in the management of its cars. If one company had been in the control and management of both the cars a presumption of negligence on its part would properly arise. But here there were two actors, and the collision might have been due entirely to the fault of one party and not at all to the fault of the other. The decisions in *Volkmar v. Manhattan Railway Company* (134 N. Y. 418) and *Hogan v. Manhattan Railway Company* (149 N. Y. 23) do not apply to a case like this. In those cases pieces of iron fell from the elevated railway structure and injured the plaintiffs traveling

49

on the highway beneath. It was held that the occurrence of the accident raised a presumption of negligence. But articles should not be suffered to fall on the highway, and ordinarily do not fall without carelessness on the part of the persons letting them fall. In those cases the parties injured in no way contributed to the accident except by their presence. Here the railroad company had the right to operate its cars along the street, and it cannot be said that in the ordinary course of things a car does not collide with vehicles or persons except when there has been carelessness in the management of the car. Unfortunately, the reports are full of cases of such collisions and of serious injuries resulting therefrom where it has been found, either as matter of fact by juries or as matter of law by the courts, that the railroad company was not at fault. The exception of this appellant to the court's charge is well taken.

As to the appellant the Eighth Avenue Railroad Company a different rule obtains. While it was not a guarantor of the safety or security of its passengers, it was bound to exercise a very high degree of care to accomplish that result. It is easy to imagine many injuries that might occur to passengers from which no presumption of negligence would arise. But the danger of collision with other vehicles moving on the street is always present, and the employee managing and controlling the car must be on the alert to avoid that danger. The danger is greater at the intersection of other railroads, and care must there be used proportionate to the danger. As was said by the court below, the Eighth Avenue Railroad Company could not insist upon or assert its right of way at the crossing as against the car of the other company if there were reasonable grounds to apprehend that thereby it would endanger the safety of its passengers. The management and control of the transportation of the passenger is wholly confided to the employees operating the car, and the former cannot be expected to be on the watch either as to its management or that of other vehicles, or if a collision takes place, be able to account for its occurrence. Therefore, when

such a collision occurs there arises a presumption of negligence on the part of the carrier, which calls upon it for explanation. The exception of the Eighth Avenue Railroad Company to .the instruction of the court on this subject is not well taken.

But though the occurrence of the accident called for an explanation by this defendant, we think the trial court erred in charging, as a matter of law, that no explanation had been furnished. We have already referred to the fact that the cable car struck the rear end of the horse car. How far this circumstance tended to show that the horse car had properly and carefully proceeded over the crossing and that the collision was due not to its fault but to that of the other defendant, was a question of fact for the jury, not of law for the court. What we have said before as to the bearing of this circumstance on the negligence of the Third Avenue Railroad Company is equally applicable to the absence of negligence on the part of the Eighth Avenue Company. On this evidence we think it should have been left to the jury to determine whether either or both of the companies were negligent. While an exception was not taken to the charge of the court, the question was raised when the court refused to charge the request : " If either the conclusion of the negligence of the Eighth Avenue Railroad Company or the absence of negligence on its part may, with equal fairness, be drawn, then the Eighth Avenue Railroad Company cannot be recovered against ; " to which the defendant excepted. This refusal was consistent with the court's previous ruling that, as matter of law, the presumption of negligence had not been overcome. In our view, however, it was erroneous ; for, even though the accident created a presumption of negligence on the part of the defendant the Eighth Avenue Railroad Company, still, if there was any evidence to rebut the presumption, the burden of proof rested on the plaintiff ( *Whitlatch* v. *Fidelity & Casualty Company*, 149 N. Y. 45), and if on the whole case the conclusion of negligence, or absence of negligence, could be drawn with equal fairness that burden was not discharged. (*Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 330.)

The court also erred in its charge that the defendant was liable in case the jury should find that "the collision can be attributed to the want of reasonable care on the part of the defendants." To this both defendants excepted. The question was not whether the collision could be attributed to their negligence, but whether, as matter of fact, it was attributable to their negligence. Still, the matter is not of great importance as the court practically had taken the issue of negligence away from the jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

GRAY, O'BRIEN, HAIGHT, LANDON and WERNER, JJ., concur; PARKER, Ch. J., not sitting.

Judgment reversed, etc.