### ROBSON v. NASSAU ELECTRIC R. CO. et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. RAILROAD CROSSING—THREATENED COLLISION—NEGLIGENCE—QUESTION FOR JURY.

A train approached a grade crossing of a street railway, through the thickly populated district of a village, around a curve where the view was obstructed. The engineer did not ring the bell or sound the whistle, but applied the brakes, so as to barely escape collision with a trolley car. A passenger on the trolley car jumped therefrom to avoid injury, and was hurt. *Held*, that the question of the engineer's negligence was for the jury.

2. CARRIERS—RAILROAD CROSSING — THREATENED COLLISION — NEGLIGENCE — QUESTION FOR JURY

A trolley car approached a railroad crossing to within a couple of lengths, when the conductor got off and went forward, looking for trains. He motioned to the motorman to start, and after the car started, evidently becoming aware of an approaching train, motioned again to the motorman to stop, which the latter failed to do. The car crossed the track barely in time to avoid a collision. A passenger on the car jumped therefrom to avoid injury, and was hurt. *Held*, that the question of the carrier's negligence was for the jury.

3. SAME—CONTRIBUTORY NEGLIGENCE.

Evidence in an action by a passenger on a trolley car against the street car company and a railroad company owning an intersecting track, for injuries occasioned by jumping from the street car to avoid a threatened collision with an approaching railroad train, considered, and *held* to render the question of the passenger's contributory negligence one for the jury.

Appeal from Trial Term, Kings county.

Action by Cordelia A. Robson against the Nassau Electric Railroad Company and others. From a judgment entered on the dismissal of the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Joseph G. Williamson, Jr., for appellant.
I. R. Oeland, for respondents.

GOODRICH, P. J. The plaintiff sued three railroad corporations (which for brevity are herein called the "Nassau Company," the "Long Island Company," and the "Prospect Park Company") for the damages occasioned to her by jumping from a car of the Nassau

Company on which she was a passenger. The court dismissed the complaint as to the Long Island Company, and it is admitted that that dismissal was correct. At the close of the plaintiff's case, the court also dismissed the complaint as to the other two companies. Subsequently a judgment was entered dismissing the complaint on the merits.

In August, 1897, the plaintiff was a passenger in an open trolley car of the Nassau Company, going to Coney Island. She was seated on the front seat. As the car was on West Eighth street, approaching the crossing tracks of the Prospect Park Company, which operated a steam railroad, it stopped two lengths away, and the conductor got off, went forward to the crossing, and looked both ways on the track of the Prospect Company, and then motioned to the motorman of the trolley car to start. After it had started, the conductor, evidently becoming aware of the proximity of an approaching train of the Prospect Park Company, motioned again to the motorman to stop, and, because he failed to do so, swore at him. The motorman did not stop his car, but proceeded across the steam track, and cleared it without collision with the train of the Prospect Park Company, which was approaching the crossing at the speed of four miles an hour, without ringing a bell or sounding a whistle. The Prospect Park Company had a flagman at the crossing, who made some signal, on seeing which the engineer of the train slowed down and crossed the Nassau track just after the trolley car had passed over it. The plaintiff testified:

"Then this car, the car I was riding on, started and went across both steam railroad tracks. When I jumped off it was over on the other side of the two tracks. * * * The car when I jumped off was on the track, going over it. When I jumped I landed on the right-hand side over the track."

This testimony is somewhat confused, but she produced six other witnesses who testified that the trolley car had crossed, and that its rear end had reached a distance from the steam track, variously estimated as from 5 to 15 feet, when the plaintiff jumped off the car and received serious injuries. In the view of the case which we take, it is immaterial whether the entire body of the car was over the track or only the front part, on which the plaintiff was seated. There was considerable commotion and excitement among the passengers, and others jumped at about the same time as the plaintiff. She contends that the evidence shows facts upon which the jury could have found that she was free from contributory negligence, and that both defendants were guilty of negligence.

First, as to the negligence of the Prospect Park Company. The evidence shows that the train was approaching a grade crossing in a thickly populated district of a village, near its main avenue, around a curve, where the view was more or less obstructed by buildings; that there was some confusion of signals by the flagman between a red and a green flag; that the engineer did not ring the bell or sound the whistle; and that, although he applied brakes and reduced his speed, he barely escaped collision with the trolley car. There would be no question that this would have raised a question of fact as to the engineer's negligence if there had been a collision,

and it is difficult to say, as matter of law, that he was not negligent, where the approach and proximity of his train to the trolley car at a grade crossing without any warning was the cause of great excitement among the passengers of the trolley car, and several of them, including the plaintiff, jumped therefrom. If his approach under such circumstances produced a situation of apparently grave and impending peril, the jury might have found that he was negligent. It was not necessary for the plaintiff to prove actual danger, but only apparently imminent danger. Twomley v. C. P. N. & E. R. R. R. Co., 69 N. Y. 158, 25 Am. Rep. 162; Dyer v. The Erie Railroad Company, 71 N. Y. 228; Cuyler v. Decker, 20 Hun, 173. We think there was a question of fact as to the negligence of the Prospect Company which should have been submitted to the jury.

Secondly, the existence of a question of fact as to the negligence of the Nassau Company is more apparent. That company was the carrier of the plaintiff. In Loudoun v. Eighth Ave. R. R. Co., 162 N. Y. 380, 56 N. E. 988, the court, speaking through Judge Cullen, said (page 386, 162 N. Y., page 989, 56 N. E.):

"While it was not a guarantor of the safety or security of its passengers, it was bound to exercise a very high degree of care to accomplish that result. * * * The management and control of the transportation of the passenger is wholly confided to the employés operating the car, and the former cannot be expected to be on the watch either as to its management or that of other vehicles, or, if a collision takes place, be able to account for its occurrence. Therefore, when such a collision occurs, there arises a presumption of negligence on the part of the carrier, which calls upon it for explanation."

It is to be observed that negligence on the part of the Nassau Company may be predicated, either of the act of the conductor in failing to discover the Prospect train in due season, or of the motorman in failing to observe or obey the second signal of the conductor. The burden of explanation rests upon the Nassau Company. Possibly that company could have introduced evidence which would lift that burden, but on the case as it stands the evidence presented a question of fact for the jury.

The Twomley and Cuyler Cases above cited are so nearly like the case at bar, as to the liability of a carrier of passengers, that other discussion is unnecessary. In the Twomley Case, a car was carelessly driven over a crossing steam railroad track in front of an approaching train, and nearly all the passengers, including the plaintiff, jumped off, and he received injuries which he would not have received if he had remained on the car, which crossed the track in safety, the engineer of the train having reversed his engine. It was held that the case was properly submitted to the jury, and that a verdict in the plaintiff's favor was justified.

Thirdly, there was evidence sufficient to require the submission to the jury of the question of the plaintiff's contributory negligence.

The judgment should be reversed as to the Prospect Park Company and the Nassau Company, and a new trial granted.

Judgment reversed as to the Nassau Electric Railroad Company and the Prospect Park & Coney Island Railroad Company, and a new trial granted, costs to abide the event. All concur.