GEORGE H. HUNEKE, Respondent, *v.* THE WEST BRIGHTON AMUSEMENT COMPANY, Appellant.

*Negligence — injury while riding a wooden horse on a gravity steeplechase — when the doctrine of* res ipsa loquitur *is not applicable.*

In an action to recover damages for personal injuries sustained by the plaintiff, it appeared that the defendant maintained and operated a structure known as a steeplechase. This structure was a railroad consisting of six parallel tracks, upon which rude images of horses or ponies mounted on wheels were operated by force of gravity. Persons wishing to ride upon the horses or ponies were permitted to do so upon the payment of a prescribed fee.

The plaintiff testified that on the evening of the accident he mounted one of the horses behind a friend of his, and that when the horse reached a point thirty or forty feet from the starting place he experienced a sudden jar which threw him violently forward and to one side and then off the horse, and that, as the horse proceeded, his leg was caught underneath it and mangled.

The defendant's witnesses testified that the structure, track and horses were all in good condition and perfectly safe if carefully used, and that the accident was due to the negligent conduct of the plaintiff, while "skylarking" with a young lady seated on another horse, in reaching over toward that horse and trying to catch hold of it. This theory was not without support in the evidence, it appearing that plaintiff said after the accident, "This is what I got for fooling."

The court charged as follows: "You are at liberty, in such an action, bearing in mind all the attendant circumstances and the rule I have stated, that the burden of proof is always upon the plaintiff, *to infer from the accident having occurred that the defendant was negligent.* So in this case, if you find that this accident would not ordinarily have occurred if the horse and track and appliances had been in a reasonably safe condition and if the defendant or its employees had exercised ordinary care in their operation, you may infer negligence of the defendant from that fact."

*Held,* that, in view of the proof tending to show that the plaintiff's negligence caused the accident, the charge that the jury were at liberty "to infer from the accident having occurred that the defendant was negligent" was misleading and required the reversal of a judgment in favor of the plaintiff.

APPEAL by the defendant, The West Brighton Amusement Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 25th day of March, 1902, upon the verdict of a jury for $25,000, and also from an order entered in said clerk's office on the 26th day of March, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Thomas F. Magner,* for the appellant.

*Herbert T. Ketcham,* for the respondent.

WILLARD BARTLETT, J. :

The injury which gave rise to this litigation, and for which a jury has awarded to the plaintiff damages to the amount of $25,000, was sustained in consequence of the plaintiff's fall from a structure maintained and operated by the defendant at Coney Island for purposes of recreation and amusement, and which in the pleadings and the case on appeal is denominated a *steeplechase.* It may be described as a gravity railroad consisting of six parallel tracks so set as to make a course about 1,500 feet in length arranged in the form of a horseshoe. Rude images of horses or ponies constructed of wood and metal, provided with wheels upon which they can move swiftly over the rails, are placed upon the tracks as vehicles for the conveyance of pleasure seekers who, upon payment of a prescribed fare for each ride, desire to experience the sensations of a brief journey through space at a speed of twenty-five miles an hour, by taking a trip in which the motive power is furnished solely by the attraction of gravitation. The line falls and rises abruptly, in what the learned counsel for the appellant aptly calls a series of hills and dales, thus enabling it to be operated wholly by the agency of gravity.

The accident which cost Mr. Huneke his leg occurred on a summer evening when the attendance at the defendant's so-called steeplechase was large. Two radically different pictures of the manner in which that accident occurred were presented for the consideration

of the jury by the evidence given upon the trial. According to the plaintiff's version of the occurrence, he was carefully riding one of the ponies, upon which he was seated astride behind a friend who had mounted the animal in front, when, at a point thirty or forty feet from the starting place, he experienced a sudden jar which threw him violently forward and to one side and then off the horse. "My leg caught underneath as the horse proceeded," he said, and "I laid there with my mangled leg." The witnesses for the defendant, on the other hand, insisting that the structure, track and horses were all in good condition and perfectly safe if carefully used, ascribe the accident to the negligent conduct of the plaintiff while "skylarking" with a young lady on another horse, in reaching over toward that horse and trying to catch hold of it. The theory of the defense is that in this way the plaintiff lost his balance and fell off and was, therefore, himself wholly responsible for the injury which befell him.

In charging the jury the learned trial judge held that the doctrine of _res ipsa loquitur_ was applicable. " You are at liberty in such an action," he said, " bearing in mind all the attendant circumstances and the rule I have stated that the burden of proof is always upon the plaintiff, _to infer from the accident having occurred that the defendant was negligent._ So in this case, if you find that this accident would not ordinarily have occurred if the horse and track and appliances had been in a reasonably safe condition and if the defendant or its employees had exercised ordinary care in their operation, you may infer negligence of the defendant from that fact."

The defendant's counsel duly excepted to this instruction, and I am of opinion that the exception was well taken. The doctrine of _res ipsa loquitur_ has generally been applied to cases where the circumstances were such as to show beyond substantial question that the injured party in no way contributed to the accident except by his presence and rarely to any others. Such was the fact in the most recent leading case on this rule (_Griffen_ v. _Manice,_ 166 N. Y. 188), where the plaintiff's intestate was merely a passive passenger in the defendant's elevator at the time of its fall. So in _Loudoun_ v. _Eighth Ave. R. R. Co._ (162 N. Y. 380) the doctrine of _res ipsa loquitur_ was held to be applicable in favor of a passenger

in the defendant's car, who was injured by a collision of the car with a cable car of the Third Avenue Railroad Company on an intersecting street.   Here, of course, the mere presence of the plaintiff in the defendant's car did not permit the possibility of any inference of contributory negligence from that fact.   In *Mullen* v. *St. John* (57 N. Y. 567), also a leading case, the plaintiff, in the street, was knocked down by a falling wall of the defendant's building, and no suggestion of contributory negligence was made or appears to have been possible upon the facts.   Nor in *Volkmar* v. *M. R. Co.* (134 N. Y. 418) or *Hogan* v. *Manhattan Ry. Co.* (149 id. 23) was there any ground for the imputation of contributory negligence, inasmuch as the plaintiffs while driving under the elevated railroad structure were injured by the falling of objects therefrom.

In the present case the contention of the defendant is not merely that the plaintiff contributed to the accident, but that it was caused solely by his own careless conduct, and it cannot fairly be said that this position is without support in the proof.   Although the plaintiff attributes his fall to a sudden jar of the horse, it is to be noted that his companion was not thereby thrown off; that this companion describes it as "just a little jar forward," and that it was so slight that he did not know the plaintiff was off until the horse subsequently stopped.   "I believed when the horse stopped there that he was behind me," said the witness.   "There is not the slightest question about that."   There is also evidence that the plaintiff after the accident exclaimed, "This is what I got for fooling," or "This is what I get for skylarking," indicating that he recognized his own agency in bringing about the injury.

In view of this and other proof in the case tending to show that the plaintiff was the principal actor in causing the accident, the instruction to the jury that they were at liberty "to infer from the accident having occurred that the defendant was negligent" was misleading.   The most that could be said was that if the accident occurred precisely in the manner testified to by the plaintiff, and in consequence of a sudden jar sufficient to throw a careful rider from the horse, then the jury might impute negligence to the defendant. I do not attempt to lay down any hard and fast rule as to the application of the doctrine of *res ipsa loquitur*, in condemning the

instruction given in this case, or to deny that its application has sometimes been sustained where there was evidence tending to show contributory negligence, as in *Green* v. *Banta* (16 J. & S. 156; affd., 97 N. Y. 627) and in *Breen* v. *N. Y. C. & H. R. R. R. Co.* (109 id. 297); but it seems quite clear to my mind that in a case like this, where there is a square issue upon the proof as to which of two actors, the plaintiff or the defendant, caused the fall which injured the plaintiff, it is error to tell the jury that they may infer that the defendant is the party responsible therefor simply from the fact that the accident occurred. On account of this error the judgment should be reversed.

GOODRICH, P. J., WOODWARD and JENKS, JJ., concurred; HIRSCH-BERG, J., not sitting.

Judgment and order reversed and new trial granted, costs to abide the event.