ing to do with the question of law presented by a demurrer as to the sufficiency of the complaint.

The complaint in this action is almost identical in form with that used in the case of Friedman v. Columbia Machine Works, 99 App. Div. 504, 91 N. Y. Supp. 129, and, in our opinion, does state facts sufficient to constitute a cause of action. Whether, upon a trial, the court would be justified in issuing an injunction is not before us. We are only to inquire if a cause of action is stated. The broad facts alleged open the way to proof of a nuisance of a continuing character, for which there would be no adequate remedy at law, and, if these facts are established, we see no reason why the plaintiff should not have relief.

The interlocutory judgment should be reversed, with costs, and the demurrer should be overruled, with costs.

Interlocutory judgment reversed, with costs and disbursements, and demurrer overruled, with costs, with leave to defendant to plead over. All concur.

---

### ELLIOTT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

1. CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS—COLLISION—RES IPSA LOQUITUR.

   Plaintiff, a street car passenger, was injured in a collision between the car on which she was riding while it was standing still letting off passengers at a regular stopping place, and a following car. Two other lines of cars used the track at the place of the accident, which were operated by a company other than defendant. *Held* that, in the absence of evidence that defendant owned and operated the following car that caused the collision, the circumstances of the accident did not establish a prima facie case of defendant's negligence under the maxim res ipsa loquitur, which applies only to cases where the occurrence would not have happened in the ordinary course except by negligence on defendant's part.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1283–1294.]

2. NEGLIGENCE—PRESUMPTION—RES IPSA LOQUITUR.

   A presumption of negligence does not arise except out of the fact that there is no other way to account for the occurrence, in which case the burden is on defendant to show freedom from negligence.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 217–224.]

Appeal from Trial Term, Kings County.

Action by Annie L. Elliott against the Brooklyn Heights Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Francis R. Stoddard, Jr., for appellant.
Arnold Gross, for respondent.

GAYNOR, J. The plaintiff was in a car of the defendant as a passenger. It was standing still letting off and taking on passengers, at a regular place for that purpose, when another car came up in

the rear on the same track and ran into it. Two other lines of cars used the track at the place of the occurrence which were owned and operated by another company. The plaintiff proved all of this, and the defendant introduced no evidence. There was no evidence that the defendant owned and operated the car which came up in the rear; there was some evidence to the contrary. There was no evidence of any negligence by the defendant, but the learned trial judge sent the case to the jury by charging that the maxim the thing speaks for itself applied, and that therefore the burden was on the defendant to explain the cause of the occurrence. This was error. The maxim only applies to cases where the occurrence would not happen in the ordinary course except by negligence on the part of the defendant. Here the thing could have happened without negligence by the defendant, as it may have been caused by the negligence of a third party. The evidence showed that it did not happen by negligence of those in charge of the standing car. I do not understand that the statement in the opinion in Loudoun v. Eighth Ave. R. Co., 162 N. Y. 380, 56 N. E. 988, that from the mere fact of a collision between two street cars of different companies at a crossing the maxim applies to the company carrying the plaintiff, is now to be taken as the law. I understand the rule to the contrary, i. e., that as the thing may have happened from the negligence of the other company, there is lacking the thing that the maxim in every case has to stand on, viz., that the occurrence could not happen in the ordinary course except by the defendant's negligence. There can be no presumption in such a case that there was negligence by the defendant. Such a presumption does not arise except out of the fact that there is no other way to account for the ocurrence; in which case it is for the defendant to show another way. The later case of Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 22 L. R. A. 922, 82 Am. St. Rep. 630, sets all this right and puts it beyond discussion. Grant v. Met. St. R. Co., 99 App. Div. 422, 91 N. Y. Supp. 202.

The judgment should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.