MARTIN P. PLUMB, Respondent, *v.* RICHMOND LIGHT AND RAILROAD COMPANY, Appellant, Impleaded with JOSEPH J. PHILLIPS, Defendant.

Second Department, February 25, 1921.

**Street railways — action by passenger to recover for injuries received when struck by motor truck colliding with trolley car — doctrine of res ipsa loquitur not applicable — charge as to presumption of negligence on part of railroad company.**

The doctrine of *res ipsa loquitur* can never be applied with accuracy unless all the agencies that are factors in the accident are under the control of the defendant and the accident is one which would not have happened in the ordinary course of events providing reasonable care had been exercised by the defendant.

Hence, in an action against a railroad company and the owner of a motor truck to recover for injuries as the result of a collision between a trolley car and the motor truck the doctrine of *res ipsa loquitur* is not applicable, because although the circumstances were such as to permit the inference of negligence, yet the negligence may have been that of the driver of the motor truck and not of the operating employee of the railroad company.

It was not error, however, for the court to charge, in effect, that under the circumstances of the case there was on the part of the carrier a presumption of negligence that would justify a finding of negligence, in the absence of an explanation of the cause of the accident consistent with the exercise of ordinary care.

Said presumption rests primarily upon the duty which a common carrier owes to its passengers, in connection with circumstances showing that the injury might have been occasioned by a failure in the performance of such duty.

REARGUMENT of an appeal by the defendant, Richmond Light and Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 30th day of April, 1920, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the 3d day of May, 1920, denying defendant's motion for a new trial made upon the minutes. (See 194 App. Div. 972.)

*Guy O. Walser* [*Bertram G. Eadie* with him on the brief], for the appellant.

*Francis X. Carmody* [*Morrison T. Hankins* with him on the brief], for the respondent.

BLACKMAR, J.:

At the time of the accident which resulted in injury to the plaintiff he was riding on the left-hand running board of an electric street car operated by defendant railroad company. Both the interior of the car, which was an open one, and the right-hand running board were so completely occupied that the plaintiff was unable to get upon any part of the car except the left-hand running board. While in this situation the defendant company accepted his fare and permitted him to continue to ride there. At the time of the accident, as the car was proceeding slowly, the plaintiff, looking ahead, saw a motor truck about fifty feet away, coming towards it. The motor truck swung around a vehicle in front of it, and in so doing approached so nearly the line on which the car was traveling that the plaintiff tried to escape possible contact by climbing inside the car; but, failing in this, he was struck by the motor truck or by a skid protruding from it and severely injured. As the truck was approaching there was no change in the speed of the trolley car and it was in motion at the time the plaintiff was struck.

The jury found a verdict against both defendants — the railroad company and the owner of the motor truck; but the railroad company alone appealed. In the course of his careful charge to the jury the learned justice who presided at the trial used the following language: " The management and control of the transportation of the passenger is wholly confided to the

employees operating the car, and the passenger cannot be expected to account for a collision if one takes place. When such a collision takes place, there arises, as a rule of evidence, a presumption of negligence upon the part of the carrier, which calls upon it for an explanation. I do not mean, in making this statement, that this rule of evidence shifts the burden of proof from the shoulders of the plaintiff onto the shoulders of the defendant, but only that the company, from the fact of the collision, if you find that there was a collision, is called upon to make an explanation; and then it is for you to determine, on the whole case, on all the evidence, whether there is a preponderance of the evidence in favor of the plaintiff's contention that there was negligence upon the part of the defendant." To this the counsel for the railroad company excepted.

This instruction of the court, not being a general statement of the law, but a definite rule, given for the guidance of the jury in this particular case, seemed to this court, in considering the matter after the argument, to be open to so much question that a reargument was ordered upon this point. Counsel for both parties, assuming that the court had charged the jury that the doctrine of *res ipsa loquitur* applied to this case, have, both in their briefs and on the oral argument, carefully and exhaustively presented to the court a review of the authorities and arguments pro and con upon the question of the correctness of the charge in view of the particular facts developed by the evidence upon the trial.

My conception of the doctrine of *res ipsa loquitur* is that it can never be applied with accuracy unless all the agencies that are factors in the accident are under the control of the defendant and the accident is one which would not have happened in the ordinary course of events providing reasonable care had been exercised by the defendant. (*Griffen* v. *Manice*, 166 N. Y. 188, 194.) The opinion written by the learned judge in the case last cited is, I think, adopted by the profession generally as being the final expression of that court of the elements necessary to the application of the doctrine of *res ipsa loquitur*. It is there stated to rest on the doctrine of circumstantial evidence, and I have already expressed my opinion that the doctrine is one that permits an inference of

negligence from circumstances which do not necessarily exclude any other hypothesis, leaving it for the defendant, by explanation, to exclude such hypothesis. (*Maslenka* v. *Brady,* 188 App. Div. 663.) If all the agencies are not in the control of the defendant, although the circumstances shown in the evidence are such as to permit the inference of negligence the doctrine is not applicable, because it may be the negligence of a third party which caused the accident, and not of the defendant. (*Wolf* v. *American Tract Society,* 164 N. Y. 30; *Hardie* v. *Boland Co.,* 205 id. 336.) In such a case the party responsible is not identified. I think, therefore, that the doctrine of *res ipsa loquitur* is not logically applicable to the case at bar, because although the circumstances were such as to permit the inference of negligence, yet the negligence may have been that of the driver of the motor truck and not of the operating employee of the railroad company.

But the learned trial justice did not refer to the doctrine of *res ipsa loquitur* in terms. He charged the jury that under the circumstances of the case, there was on the part of the carrier a presumption of negligence that would justify a finding, in the absence of an explanation of the cause of the accident consistent with the exercise of ordinary care. The reason for the assertion of this rule rests primarily upon the relation of a common carrier to a passenger. In *Loudoun* v. *Eighth Ave. R. R. Co.* (162 N. Y. 380) the court applied to a street car company the doctrine of presumption of negligence from a collision with another street car at the intersection of tracks. CULLEN, J., writing for the court, said: " The management and control of the transportation of the passenger is wholly confided to the employees operating the car, and the former cannot be expected to be on the watch either as to its management or that of other vehicles, or if a collision takes place, be able to account for its occurrence. Therefore, when such a collision occurs there arises a presumption of negligence on the part of the carrier, which calls upon it for explanation." The close resemblance of the charge of the learned trial justice to this deliberately formulated statement of the law by the Court of Appeals is easily seen; and as the doctrine of the *Loudoun* case stands unchallenged by the Court of Appeals, the trial

justice was justified in his charge, nor are the circumstances of the two cases so different as to call for the application of a different rule.

In the *Loudoun* case the tracks of the Third Avenue Railroad Company and the Eighth Avenue Railroad Company intersected at a street crossing. The plaintiff was a passenger in a car of the Eighth Avenue Railroad Company. That car, while being moved over the place of intersection, was struck by a car of the Third Avenue Railroad Company. The court decided that while there was no presumption of negligence to be drawn against the Third Avenue Railroad Company, whose car struck that in which the plaintiff was riding, yet, on account of the relation of the carrier to the passenger and " the very high degree of care " required by such relationship, the presumption of negligence on the part of the carrier arose from the happening of the accident under those circumstances. The only distinction between that case and the one at bar is that in the case at bar the plaintiff was riding on the left-hand running board of the car, and his situation there imposed upon the railroad company the duty of exercising greater precaution than in the case of a passenger seated within the car. In this case the collision occurred, not with a vehicle moving at right angles, but with one moving in a contrary direction. This differentiating fact does not seem to me to take the case out of the doctrine of the *Loudoun* case. In both cases the motion of the car carrying the plaintiff to the point of the accident was a factor in causing it. I am aware that in *Elliott* v. *Brooklyn Heights R. R. Co.* (127 App. Div. 300) the learned justice writing for this court said: " I do not understand that the statement in the opinion in *Loudoun* v. *Eighth Ave. R. R. Co.* (162 N. Y. 380) that from the mere fact of a collision between two street cars of different companies at a crossing the maxim applies to the company carrying the plaintiff, is now to be taken as the law.  *  *  *  The later case of *Griffen* v. *Manice* (166 N. Y. 188) sets all this right and puts it beyond discussion." The *Elliott* case, accurately holding that the doctrine of *res ipsa loquitur* was not applicable, because the wrongdoer was not identified, is not, despite the above-quoted language of the learned writer of the opinion, inconsistent with the doctrine of the *Loudoun* case, which

rests solely upon the duty that a common carrier owes to its passenger. Whether the decision in the *Elliott* case follows the doctrine of the *Loudoun* case is another matter. The ground upon which the decision in the *Elliott* case is based, viz., that the doctrine of *res ipsa loquitur* is not applicable, is not hostile to the *Loudoun* case. The difficulty of reconciling these two cases is caused by the fact that the justice who wrote in the *Elliott* case assumed that the *Loudoun* case, in so far as it authorizes the presumption of negligence on the part of the carrier, rests solely on the doctrine of *res ipsa loquitur*, accurately defined. The opinion in the *Loudoun* case was written by the same eminent judge who subsequently wrote for the court in *Griffen* v. *Manice*, which did not in terms overrule the *Loudoun* case. In fact in *Hardie* v. *Boland Co.* (*supra*) the *Loudoun* case is quoted as still the law. The learned judge who wrote in the *Loudoun* case held that the doctrine of *res ipsa loquitur* did not apply, because when there are two agencies concerned in an accident, and the presumption of negligence might apply to either one, the one liable is not identified. But the presumption asserted in that case and charged the jury in the case at bar is a presumption which rests primarily upon the duty which a common carrier owes to its passenger, in connection with circumstances showing that the injury might have been occasioned by a failure in the performance of such duty. So in *Patton* v. *Texas & Pacific Railway Co.* (179 U. S. 663) Justice BREWER, speaking for the court, said: " In the case of a passenger the fact of an accident carries with it a presumption of negligence on the part of the carrier, a presumption which in the absence of some explanation or proof to the contrary is sufficient to sustain a verdict against him, for there is *prima facie* a breach of his contract to carry safely."

So long as the *Loudoun* case remains unquestioned by the Court of Appeals, I think it is our duty to approve a charge which is based upon the doctrine of that case and is applicable to a state of facts not essentially different.

The judgment and order should be affirmed, with costs.

JENKS, P. J., and RICH, J., concur; PUTNAM, J., concurs in separate opinion; KELLY, J., concurs with PUTNAM, J.

PUTNAM, J. (concurring):

The phrase *res ipsa loquitur* does not make for distinctness. Though perhaps not so often misused as *res gestæ*, the maxim that the thing itself speaks has lost its point, and frequently serves to blur the edges of accurate legal definition. As originally used it stated the effect and legal inference from a bare happening like objects falling into a street. (*Mullen* v. *St. John*, 57 N. Y. 567.) But this soon proved of little practical value in the case of a building going up under different contractors. (*Wolf* v. *American Tract Society*, 164 N. Y. 30.) So the import of this phrase was enlarged from the bare happening to take in as a proper setting some of the attending circumstances. (*Griffen* v. *Manice*, 166 N. Y. 188, 193.) The maxim thus comes to saying that with certain other circumstantial evidence a *prima facie* liability may arise; or, as we might say, *res et cetera loquuntur*. A contract duty obviously differs from the case of a pure tort. The apparent failure to carry safely a passenger naturally calls for an explanation. (*Stokes* v. *Saltonstall*, 13 Pet. 181; *Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 380.) This distinction is now well recognized. (See *Cosulich* v. *Standard Oil Co.*, 122 N. Y. 118, 128, by PARKER, J.) " Excepting where contractual relations exist between the parties, as in the case of carriers of passengers and some others, negligence will not be presumed from the mere happening of the accident and a consequent injury." (*Stearns* v. *Ontario Spinning Co.*, 184 Penn. St. 519, 523.) The court's charge rightly used the word " presumption," which meant that the street car company which was under the carrier's duty, was expected through its motorman to furnish an explanation, or at least to go forward with its proofs. This principle applies to a passenger on the running board of a street car. (*Bamberg* v. *International Railway Co.*, 53 Misc. Rep. 403, 406.) The charge was, therefore, free from ground of exception, and I agree to affirm.

KELLY, J., concurs.

Judgment and order unanimously affirmed on reargument, with costs.