THOMAS NORRIS, Respondent, *v.* NATIONAL BISCUIT COMPANY, Defendant, Impleaded with CHARLES LASALLE and Another, Appellants.

First Department, April 30, 1926.

Motor vehicles — motor buses — action by passenger of motor bus to recover for injuries suffered when motor truck ran into bus — plaintiff showed that bus was being driven very slowly across street intersection and had nearly crossed street when truck ran into it — error to charge that motor bus owners were required to explain accident, since plaintiff's testimony showed said defendants to be free from negligence — doctrine of res ipsa loquitur not applicable — not error to charge that if plaintiff explained cause of accident defendants were entitled to benefit thereof — complaint should have been dismissed as to owners of motor bus at end of case.

In an action by a passenger of a motor bus to recover for injuries suffered when a motor truck ran into the bus as the bus was crossing a street intersection, the complaint should have been dismissed as to the owners of the motor bus at the close of the plaintiff's case, since the plaintiff's evidence shows that the motor bus was being driven very slowly across the street intersection and had nearly reached the opposite side of the street when the defendants' motor truck ran into the bus, and that, therefore, the owners of the motor bus were free from negligence.

It was error for the court to instruct the jury under the facts of this case, that the plaintiff having shown that he was a passenger on the motor bus at the time of the accident, a presumption arose that his injuries were the result of negligence on the part of the owners of the motor bus, and that it was their duty as common carriers to offer some explanation absolving themselves from the presumption of negligence, for the evidence given by the plaintiff, himself, wholly absolved the owners of the motor bus from any charge of negligence. The doctrine of *res ipsa loquitur* is not applicable.

The court properly charged at the request of the defendants, in effect, that the owners of the motor bus were entitled to the benefit of any explanation as to the cause of the accident given by the plaintiff in his direct case.

APPEAL by the defendants, Charles LaSalle and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of January, 1925, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 2d day of February, 1925, denying said defendants' motion for a new trial made upon the minutes.

*William Butler* [*George F. Hickey* of counsel], for the appellants Charles LaSalle and another.

*Herman J. Wittstein* [*Leonard F. Fish* with him on the brief], for the respondent.

MERRELL, J.  The action was brought to recover for personal injuries alleged to have been suffered by the plaintiff, who was a passenger in a motor bus owned and operated by the defendants LaSalle and Scanio, with which bus a heavily laden truck of the defendant National Biscuit Company collided on the morning of the 26th of August, 1924, near the southwest corner of Varick and Watt streets in the borough of Manhattan, New York city. At the close of the trial the jury rendered a verdict against both defendants for the sum of $5,000, upon which judgment was entered against the three defendants. The defendant National Biscuit Company did not appeal. The defendants LaSalle and Scanio appeal from the judgment and order and claim that under the evidence of the plaintiff the accident was caused entirely by the negligent act of the driver of the National Biscuit Company truck, and that there was no evidence whatever of any negligence on the part of the driver of the motor bus owned by the defendants LaSalle and Scanio.

The plaintiff at the time of the trial, which occurred on December 9, 1924, over three months after the accident occurred, was a young man twenty-four years of age. He was employed in the printing press manufactory of R. Hoe & Co. at 504 Grand street on the east side. On the morning in question he left his home and boarded the motor bus of the defendants LaSalle and Scanio at the southwest corner of Watt and Varick streets in the borough of Manhattan, for the purpose of being transported to his place of employment. With him were five other employees of Hoe & Co. Norris and his fellow-employees entered the defendants' bus at the southwest corner of Watt and Varick streets. Varick street ran in a northerly and southerly direction and upon it were north-bound and south-bound surface car tracks. Watt street crossed it at right angles. The plaintiff testified that as he entered the bus at a door on the southerly side near the driver's seat he took a seat immediately behind the driver on the north side of the bus facing toward the south; that beside him was a fellow-workman by the name of Hanson, and that also sitting on the opposite side of the bus and facing towards the north was a fellow-employee by the name of Cowell; that also seated upon the north side of the car was another fellow-workman by the name of Stevenson. The plaintiff testified that after he and his companions had entered the

First Department, April, 1926.    [Vol. 216

bus and taken their seats, the bus started slowly to cross Varick street on its easterly course on Watt street, and that when it had reached a point about midway between the north-bound or easterly track on Varick street and the easterly curb on Varick street, he felt a sudden jolt from behind and was thrown forward, the lower part of his back and buttock striking on the edge of the seat and from there he was thrown upon the floor of the bus. He testified to having experienced severe pains at once and to having become dazed. He was picked up by his companions and laid upon the seat of the bus, which had come to a standstill, and an ambulance summoned; that at his request he was not taken to a hospital, but was carried home in a taxicab, he being carried from the bus and up to his apartment on the second floor of the house where he lived. He testified to his having been confined for four weeks at home, and to having received treatment from his physician and surgeon. He testified further that his work with Hoe & Co. had been heavy lifting and climbing ladders in the assembling of printing press machinery, and that since the accident he had been entirely unable to do any work or to bend over or lift. Medical testimony was offered showing that the accident which he suffered resulted in a dislocation of the coccyx, and an impairment of the sphincter muscles and spraining of the sacroiliac joint on his left side, and that the condition of disability from which he suffered was a permanent one.

The plaintiff at the trial swore his companions, Hanson, Stevenson and Cowell. Neither Hanson nor Stevenson were able to throw much light as to the cause of the collision, both being seated on the northerly side of the bus facing toward the south. They all agreed that the bus, after they had boarded it, proceeded very slowly across Varick street and was at a point about midway between the north-bound track and the curb on the easterly side of that street when the shock of the collision came. Plaintiff's fellow-employee Cowell testified that when he entered the bus he was seated on the southerly side facing the north and directly opposite the witness Hanson, and that just before the accident occurred he was visiting with Hanson. The morning was a very wet, rainy morning. Cowell testified that there was little traffic on Varick street, but as he was talking with Hanson he observed a truck of the National Biscuit Company coming at a rapid rate of speed southerly on Varick street at a point nearly a block above Watt street; that the truck at that time turned to its left to pass some traffic also coming southerly on Varick street, and that as it approached the crossing of Watt street the biscuit company truck swerved suddenly to the left, and as the witness thought

was about to pass in front of the bus in which he was a passenger, but that in so doing it ran directly into the front part of the motor bus, throwing it around toward the southeast and then passed in front of it and across the street to the westerly curb of Varick street, where it came to a standstill. Cowell testified that he himself was thrown forward and then backward, but did not apparently receive any serious injury, but that the plaintiff was thrown upon the floor, and he assisted in picking him up. This, aside from the medical testimony, completed plaintiff's case.

At the close of the plaintiff's evidence, counsel for the defendants LaSalle and Scanio moved for the dismissal of the complaint as against said defendants upon the plaintiff's proof. The court reserved its decision of the motion to dismiss, to which counsel for the said defendants duly excepted. Counsel for the defendants then stated that the defendants LaSalle and Scanio would withdraw from the case and would take no part in the examination or cross-examination of any witness, and that said defendants rested. The defense of the case was then taken up by the defendant National Biscuit Company, and evidence was offered on the part of said company to the effect that the driver of the biscuit company truck, which was a heavy one, weighing from 5,000 to 10,000 pounds and heavily laden, was coming southerly on Varick street astride of the westerly rail of the south-bound surface track, and that as he reached the north side of Watt street on Varick street, he saw the motor bus of the defendants LaSalle and Scanio start from its position in Watt street west of Varick street in an easterly course; that he saw that the driver of the bus was looking toward the south, and that he sounded his horn in an effort to attract the driver's attention; that as he passed in front of the motor bus and as he was nearly past, he felt a very slight jar to the rear of his truck, and that he then went to the westerly curb of Varick street below Watt street and brought his truck to a standstill.

Two witnesses were sworn by the defendant National Biscuit Company, who were passengers in the bus, and both of whom testified, as did the chauffeur of the National Biscuit Company truck, that at the time of the collision the motor bus was about the middle of Varick street on its easterly course on Watt street. Both of these witnesses testified that the driver of the motor bus just before the collision was looking toward the south. I do not think either of these witnesses told the truth. Their testimony was apparently the result of repeated conferences which they admitted had taken place between them and two investigators in the employ of the attorney for the defendant National Biscuit

30

Company. However that may be, the jury returned a verdict against all of the defendants, including the National Biscuit Company, and, as before stated, the National Biscuit Company is not appealing from the judgment entered upon said verdict.

I am of the opinion that the court erred in refusing to dismiss the plaintiff's complaint as to the defendants LaSalle and Scanio at the end of the plaintiff's case. The court, in effect, charged the jury that the plaintiff having shown himself as a passenger in the custody of the defendants bus owners as common carriers, a presumption arose that his injuries were the result of negligence on the part of said common carrier, and that it was the duty of the defendants as such common carriers to offer some explanation absolving themselves from the presumption of negligence. To such charge counsel for the defendants, appellants, duly excepted. I think the court clearly erred in holding that the defendants, appellants, were called upon to offer any evidence showing their freedom from negligence. The evidence of the plaintiff himself wholly absolved the appellants from any charge of negligence. At the close of the main charge counsel for the appellants asked the court to charge the jury: " That if the plaintiff, in his direct case, comes forward and explains the cause of the accident, the explanation has the same effect in law as though it was offered by the defendants." To this request the court replied: " I so charge." Counsel for the appellants then asked the court to charge the jury that the plaintiff having already explained the accident, there was no longer any burden on the defendants to offer any explanation. To this the court replied: " Declined in the language of the request, except as already charged in the main charge." To which due exception was taken by counsel for the appellants. I think the court very properly charged the jury in response to the request of counsel for the appellants that if the plaintiff in his direct case had come forward and explained the cause of the accident, such explanation had the same effect in law as though it was offered by the defendants. The evidence as it stood at the close of the plaintiff's case did not contain the slightest proof showing any negligence on the part of the bus driver. On the contrary, the evidence of the plaintiff and his three witnesses was all to the effect that the bus driver was driving with the utmost care and very slowly across Varick street, and that he had practically covered the entire crossing and his bus was on the easterly side between the north-bound car tracks and the easterly curb of Varick street when the collision occurred. It is evident that the trial court in charging the jury that the burden was upon the appellants to explain the cause of the accident and to offer evidence absolving

them from the charge of negligence, had in mind the case of *Loudoun* v. *Eighth Ave. R. R. Co.* (162 N. Y. 380, 386). In that case all the plaintiff proved was the mere fact of the collision while the plaintiff was a passenger of the Eighth Avenue Railroad Company, and the court held that there was a presumption on the part of the carrier which called upon it for an explanation. In the case at bar there was no need to offer any explanation, as the plaintiff, after proving the collision and the injuries, went forward and clearly proved that the accident occurred solely because of the negligence of the driver of the biscuit company truck, while the driver of the bus was shown to have been in the exercise of the utmost care. In *Elliott* v. *Brooklyn Heights R. R. Co.* (127 App. Div. 300) a collision occurred between a standing car upon which the plaintiff was a passenger and another car which came up on the same track. Two other lines of cars used the same track. It appeared that the collision was not the result of any negligence on the part of those in charge of the standing car. The court held that there could be no presumption in such a case, and that there was no negligence on the part of the defendant. In the case at bar the evidence of the plaintiff was all to the effect that the accident occurred by reason of the negligence of the chauffeur of the biscuit company truck. I think the court in the case at bar improperly applied the doctrine of *res ipsa loquitur* to the accident in question. The doctrine of *res ipsa loquitur* in the language of POUND, J., in *Plumb* v. *Richmond Light & R. R. Co.* (233 N. Y. 285) is defined as follows (at p. 288): " *Res ipsa loquitur* is a loose but much-used phrase of limited application which is a symbol for the rule that the fact of the occurrence of an injury and the surrounding circumstances may permit an inference of culpability on the part of the defendant, make out plaintiff's *prima facie* case, and present a question of fact for the defendant to meet with an explanation." As the case stood at the end of the plaintiff's proofs there was nothing which the defendants, appellants, were called upon to explain. In the case of *Alexander* v. *Rochester City & B. R. R. Co.* (128 N. Y. 13) the plaintiff, a passenger, was injured while riding on one of the defendant's street cars by a lumber wagon colliding with the side of the car. It was held that the mere fact of the collision did not of itself establish negligence on the part of the defendant or raise a presumption of negligence on its part which called upon it for an explanation. In that case Judge GRAY said (at p. 18): " As the case stood upon the evidence, no inference was permissible that the defendant had failed in its obligation to carry the plaintiff with that care and vigilance, which are imposed by law upon such a carrier of passengers, *  *  *."

In *Grant* v. *Metropolitan St. R. Co.* (99 App. Div. 422) the plaintiff was a passenger upon one of the defendant's street cars. She received injuries through a collision with a horse. The court held that the mere fact of the collision between the car and the horse was not of itself sufficient to justify the application of the maxim *res ipsa loquitur.* In the case at bar the plaintiff did not rest upon any legal presumption of negligence, but after proving the collision the plaintiff then gave direct affirmative evidence as to the cause of the collision, which was entirely by reason of the negligence of the driver of the National Biscuit Company truck.

I am, therefore, of the opinion that the court erred in refusing to dismiss the complaint at the end of the plaintiff's case, and that the court erred in charging the jury that the defendants, appellants, were called upon to explain the cause of the accident which resulted in the plaintiff's injuries.

The judgment as against the defendants, appellants, and order appealed from should be reversed, with costs, and the complaint dismissed, as against said defendants, with costs.

Clarke, P. J., Finch and Martin, JJ., concur.

Judgment and order reversed, with costs as against defendants, appellants, and complaint dismissed, with costs as to said defendants.