# Cases

# SECOND DEPARTMENT

# APPELLATE DIVISION,

## March, 1903.

CORDELIA A. ROBSON, Appellant, *v.* NASSAU ELECTRIC RAILROAD
COMPANY and Others, Respondents.

*Negligence — grade crossing of a steam and a trolley road — injury to a passenger who,
apprehensive of a collision, jumps from the trolley car — the question of negligence
and contributory negligence held to be one for the jury — proof of imminent, not of
actual, danger only required.*

Upon the trial of an action brought against the Nassau Electric Railroad Com-
pany and the Prospect Park Railroad Company to recover damages for per-
sonal injuries sustained by the plaintiff, it appeared that the plaintiff was a
passenger upon one of the open trolley cars of the Nassau Company and that,
in a thickly populated district of a village, around a curve where the view was
more or less obstructed by buildings, the tracks of the Prospect Park Com-
pany, which operated a steam railroad, crossed at grade the tracks of the
Nassau Company. The trolley car stopped within two lengths of the crossing
and the conductor thereof went forward to the crossing and, after looking
both ways along the tracks of the Prospect Park Company, signaled the
motorman of the trolley car to proceed; after it had started the conductor,
becoming aware that one of the Prospect Park Company's trains was approach-
ing the crossing, signaled the motorman of the trolley car to stop, but, not-
withstanding such signal, the trolley car proceeded across the tracks of the
Prospect Park Company; the trolley car cleared the crossing in safety, but
narrowly escaped colliding with the train which was approaching the cross-
ing at a speed of four miles an hour without ringing a bell or sounding any
whistle.

The Prospect Park Company maintained a flagman at the crossing and there was
some confusion of signals on his part, but he succeeded in communicating to
the engineer of the train some signal which induced him to apply the brakes
and reduce the speed of his train just before it reached the crossing.

During the episode there was considerable excitement and confusion among the passengers on the car, and several of them, including the plaintiff, jumped from the car. The plaintiff jumped after the car had safely cleared the crossing and received serious injuries.

*Held,* that the question whether the Prospect Park Company and the Nassau Company were guilty of negligence and the plaintiff of contributory negligence was one of fact, which should have been submitted to the jury;

That it was not essential to a recovery that the plaintiff should prove actual danger; that it was sufficient to establish that danger was apparently imminent.

Appeal by the plaintiff, Cordelia A. Robson, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 14th day of April, 1902, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term.

*Joseph G. Williamson, Jr.,* for the appellant.

*I. R. Oeland,* for the respondent Nassau Electric Railroad Company.

*William J. Kelly,* for the respondent Prospect Park, etc., Railroad Company.

Goodrich, P. J.:

The plaintiff sued three railroad corporations (which, for brevity, are herein called the Nassau Company, the Long Island Company and the Prospect Park Company) for the damages occasioned to her by jumping from a car of the Nassau Company, on which she was a passenger. The court dismissed the complaint as to the Long Island Company, and it is admitted that that dismissal was correct. At the close of the plaintiff's case the court also dismissed the complaint as to the other two companies. Subsequently, a judgment was entered dismissing the complaint on the merits.

In August, 1897, the plaintiff was a passenger, in an open trolley car of the Nassau Company, going to Coney Island. She was seated on the front seat. As the car was on West Eighth street, approaching the crossing tracks of the Prospect Park Company, which operated a steam railroad, it stopped two lengths away, and the conductor got off, went forward to the crossing and looked both ways on the track of the Prospect Park Company and then motioned to the motorman of the trolley car to start. After it had started, the conductor, evidently becoming aware of the proximity of an approaching train of

the Prospect Park Company, motioned again to the motorman to stop, and, because he failed to do so, swore at him. The motorman did not stop his car, but proceeded across the steam track and cleared it without collision with the train of the Prospect Park Company, which was approaching the crossing at the speed of four miles the hour, without ringing a bell or sounding a whistle. The Prospect Park Company had a flagman at the crossing, who made some signal, on seeing which the engineer of the train slowed down and crossed the Nassau track just after the trolley car had passed over it. The plaintiff testified : " Then this car, the car I was riding on, started and went across both steam railroad tracks. When I jumped off it was over on the other side of the two tracks. * * * The car, when I jumped off, was on the track, going over it. When I jumped I landed on the right-hand side over the track." This testimony is somewhat confused, but she produced six other witnesses, who testified that the trolley car had crossed, and that its rear end had reached a distance from the steam track, variously estimated as from five to fifteen feet, when the plaintiff jumped off the car and received serious injuries.

In the view of the case which we take it is immaterial whether the entire body of the car was over the track or only the front part, on which the plaintiff was seated. There was considerable commotion and excitement among the passengers and others jumped at about the same time as the plaintiff. She contends that the evidence shows facts upon which the jury could have found that she was free from contributory negligence and that both defendants were guilty of negligence.

*First,* as to the negligence of the Prospect Park Company. The evidence shows that the train was approaching a grade crossing in a thickly populated district of a village, near its main avenue, around a curve where the view was more or less obstructed by buildings ; that there was some confusion of signals by the flagman, between a red and a green flag ; that the engineer did not ring the bell or sound the whistle, and that although he applied the brakes and reduced his speed, he barely escaped collision with the trolley car. There would be no question that this would have raised a question of fact as to the engineer's negligence, if there had been a collision, and it is difficult to say as matter of law that he was not negligent, where

the approach and proximity of his train to the trolley car at a grade crossing without any warning was the cause of great excitement among the passengers of the trolley car and several of them, including the plaintiff, jumped therefrom. If his approach under such circumstances produced a situation of apparently grave and impending peril, the jury might have found that he was negligent. It was not necessary for the plaintiff to prove actual danger but only apparently imminent danger. (*Twomley* v. *C. P. N. & E. R. R. R. Co.*, 69 N. Y. 158; *Dyer* v. *Erie Railway Company*, 71 id. 228; *Cuyler* v. *Decker*, 20 Hun, 173.) We think there was a question of fact as to the negligence of the Prospect Park Company which should have been submitted to the jury.

*Secondly,* the existence of a question of fact as to the negligence of the Nassau Company is more apparent. That company was the carrier of the plaintiff. In *Loudoun* v. *Eighth Ave. R. R. Co.* (162 N. Y. 380) the court, speaking through Judge CULLEN, said (p. 386): "While it was not a guarantor of the safety or security of its passengers, it was bound to exercise a very high degree of care to accomplish that result. * * * The management and control of the transportation of the passenger is wholly confided to the employees operating the car, and the former cannot be expected to be on the watch either as to its management or that of other vehicles, or if a collision takes place, be able to account for its occurrence. Therefore, when such a collision occurs there arises a presumption of negligence on the part of the carrier, which calls upon it for explanation." It is to be observed that negligence on the part of the Nassau Company may be predicated, either of the act of the conductor in failing to discover the Prospect Park train in due season, or of the motorman in failing to observe or obey the second signal of the conductor. The burden of explanation rests upon the Nassau Company. Possibly that company could have introduced evidence which would lift that burden, but on the case as it stands the evidence presented a question of fact for the jury.

The *Twomley* and *Cuyler* cases, above cited, are so nearly like the case at bar, as to the liability of a carrier of passengers, that other discussion is unnecessary. In the *Twomley* case a car was carelessly driven over a steam railroad track crossing in front of an approach-

ing train, and nearly all the passengers, including the plaintiff, jumped off, and he received injuries which he would not have received if he had remained on the car, which crossed the track in safety, the engineer of the train having reversed his engine. It was held that the case was properly submitted to the jury, and that a verdict in the plaintiff's favor was justified.

*Thirdly*, there was evidence sufficient to require the submission to the jury of the question of plaintiff's contributory negligence.

The judgment should be reversed as to the Prospect Park Company and the Nassau Company, and a new trial granted.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment reversed as to the Nassau Electric Railroad Company and the Prospect Park and Coney Island Railroad Company, and a new trial granted, costs to abide the event.