pay plaintiff $30 additional. Plaintiff executed the release, and defendants thereafter refused to pay the $30. It was held that the $30 was part of the consideration for the release; the court saying:

"The complication is due to the fact that the plaintiff, instead of tendering the release with one hand and holding out the other for the entire consideration, trusted the defendants for the payment of the $30—gave them credit therefor. Upon default by them she was entitled to sue to enforce that payment. Szymanski v. Chapman, 45 App. Div. 369, 371, 61 N. Y. Supp. 310. The parol testimony is not objectionable as altering or modifying the release; for it but tended to establish that the full consideration therefor was not paid, and did not affect the force of the release."

In the Szymanski Case, cited in the last quotation, a release had been executed by an employé to his employers of a cause of action for personal injuries sustained through their alleged negligence, and, the defendants having failed to keep an agreement that they would give employment to the plaintiff, it was held that the plaintiff could not, in disregard of his release, institute an action for negligence; but the court said:

"If the defendants agreed to furnish work as a part of the consideration for the settlement of the plaintiff's claim against them, the plaintiff can recover in a proper action such damages as he has sustained by the failure of the defendants to perform such agreement."

Applying the principle of those cases, a reversal of this judgment must follow. The consideration of a written instrument may generally be the subject of an inquiry. The consideration of the release in this case was not merely the $250, but such further sum as was necessary to support the plaintiff as the result of his injury. Plaintiff made out a case for the consideration of the jury, and the dismissal of his complaint was error.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

## MOORE v. CONEY ISLAND & B. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 11, 1909.)

1. RAILROADS (§ 272*) — CROSSING ACCIDENTS—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action for injuries sustained by the collision of a street car on which plaintiff was riding with a railroad train claimed to have been operated by defendant, evidence *held* to sustain a finding that the train was being operated on defendant's track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 867; Dec. Dig. § 272.*]

2. RAILROADS (§ 270*)—PRESUMPTION—OWNERSHIP OF RAILROAD TRAIN

It is presumed that trains operated on a railroad company's track belong to it.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 865; Dec. Dig. § 270.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. RAILROADS (§ 297*)—INJURIES—SUFFICIENCY OF EVIDENCE.

In an action for injuries received in a collision between a street car on which plaintiff was riding and a dirt train, whether those operating that train were negligent *held* for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 949; Dec. Dig. § 297.*]

4. NEGLIGENCE (§ 92*) — IMPUTED NEGLIGENCE — NEGLIGENCE OF CARRIER IMPUTABLE TO PASSENGER.

That the collision of a street car in which plaintiff was riding with defendant's dirt train was caused by the concurring negligence of the street car employés and defendant's employés would not relieve defendant from liability.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 146; Dec. Dig. § 92.*]

5. APPEAL AND ERROR (§ 880*)—PERSONS ENTITLED TO ALLEGE ERROR—ERROR AFFECTING COPARTY.

In an action for personal injuries against defendant and a street car company, whether it was error to dismiss the complaint as to the latter cannot be considered on defendant's appeal from a judgment against it for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3584; Dec. Dig. § 880.*]

Miller and Woodward, JJ., dissenting.

Appeal from Municipal Court of New York.

Action by Michael H. Moore, an infant, by Michael C. Moore, guardian ad litem, against the Coney Island & Brooklyn Railroad Company and another. From a judgment for plaintiff against defendant Long Island Railroad Company, it appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Wm. C. Beecher, for appellant.

Leonard J. Reynolds (Frederick B. Bailey, on the brief), for respondent.

RICH, J. The appellant operates a steam railroad in the borough of Brooklyn, which crosses Coney Island avenue at grade. The defendant Coney Island & Brooklyn Railroad Company operates a trolley road through Coney Island avenue; its tracks crossing those of the appellant at grade. Approaching this crossing on the trolley road, a view of the steam road is cut off in places and obstructed at others by a high board fence along the tracks. At the time of the accident the plaintiff, an infant, accompanied by his mother and other members of the family, was a passenger upon one of the cars of the trolley company. A train of flat cars, loaded with dirt, was being backed toward the crossing on the tracks of the appellant as the trolley approached. A flagman at the intersection, having in his hands a red and a white flag, waved the red flag parallel with the tracks upon which the trolley was approaching and across the tracks of the steam road, and the car came to a full stop. He then dropped the red flag to his side, turned his back to the trolley car, and waved the white flag in a direction parallel to the tracks of the steam road and across the tracks of the trolley road. In the meantime the conductor of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trolley car walked to the crossing and signaled his motorman to come ahead. After the car started, the conductor motioned for it to stop, and the flagman said: "For God's sake, keep back." The motorman, however, increased the speed of the car, and went upon the crossing, where it was struck by the dirt train, and the plaintiff received the injuries for which he has been permitted to recover. No evidence was given by the appellant. The trial court dismissed the complaint on the merits as against the trolley company, and rendered a judgment against the appellant, from which this appeal is taken.

It is first contended that there is no evidence establishing that the appellant operated the dirt train or the tracks upon which it was being run. The answer to this is that its answer admits that it maintained and operated a steam railroad in the borough of Brooklyn, which crossed Coney Island avenue, in said borough, at grade. There is evidence that no railroad in Brooklyn crosses Coney Island avenue except the one upon which the dirt train was being operated, which is sufficient to sustain the conclusion that the track upon which the dirt train was being operated was the track maintained and operated by the appellant. No presumption could obtain that any other railroad company ran its cars over the appellant's tracks. The presumption is to the contrary, and it was not incumbent upon the plaintiff to show that the dirt train was owned or operated by the appellant. Jennings v. Brooklyn Heights R. R. Co., 121 App. Div. 587, 106 N. Y. Supp. 279.

It is next contended that there is no evidence to show that the flagman stationed at the crossing was in the employ of the appellant, or to charge it with his acts or omissions. Conceding this, the fact remains that the dirt train approached the crossing, hidden from view by fences, at a fast rate of speed, and without signals by whistle or bell. Under the authority of Robson v. Nassau Electric R. R. Co., 80 App. Div. 301, 80 N. Y. Supp. 698, this raised a question of fact as to the negligence of those operating it. I think there is sufficient evidence upon this question to sustain the judgment. Conceding that the evidence was sufficient to warrant a finding of negligence on the part of the employés of the trolley company, this does not relieve the appellant from the effect of its concurring negligence, or furnish a defense to the plaintiff's cause of action. The questions of the greater degree of negligence as between the defendants, or whether or not the trial court erred in dismissing the complaint as to the trolley company, are not before us, and cannot be considered.

The judgment of the Municipal Court must be affirmed, with costs.

JENKS and GAYNOR, JJ., concur. MILLER, J., reads for reversal, with whom WOODWARD, J., concurs.

MILLER, J. (dissenting). This judgment should be reversed, because the credible evidence shows that the accident was not caused by the negligence of the appellant. The flagman at the crossing was waving a white flag across the tracks of the trolley road at the time the motorman started to cross the appellant's tracks. While we all know that that signal is commonly employed at railroad crossings to give warning of the approach of trains, some doubt seems to have been

created at the trial respecting the meaning of it; and it does not appear, except possibly by inference, whose servant the flagman was. However, it is undisputed that the trolley car was stopped at least 20 feet from the tracks of the steam road, and that the conductor went ahead to where he had a plain view of the appellant's tracks in both directions. The plaintiff's evidence is that he both signaled and called to the motorman to stay back. He and the motorman both testified that he gave the signal to go ahead. He had a plain view of the approaching train, and admits that he saw it about a block away. The obstructions of the view from the highway, therefore, had nothing to do with the accident, and no negligence can be attributed to the appellant from the fact that the train was backing eastward on the westbound track. It had the right to run its trains to suit its convenience, using, of course, the care required by the situation. The blowing of the whistle and the ringing of the bell could only have warned the conductor of what he saw—i. e., the presence of the train; and it is difficult to see, therefore, how the failure to ring the bell or blow the whistle caused the accident. Although the train went the distance of a block while the trolley car was going a little more than 20 feet, the conductor testified that he thought the train was standing still. Undoubtedly the fact was that he thought the trolley car had time to cross ahead of the train. At any rate, his statement that the train appeared to be standing still is too improbable to be credited by us, even if it was not incredible as a matter of law. The case, then, is this: Either the motorman went ahead, regardless of the signal of the conductor to stay back, or the conductor signaled him to go ahead, regardless of the fact that a freight train only a block away was backing towards the crossing. The justice dismissed the complaint as to the trolley company and gave judgment against the appellant, two rulings equally difficult to understand.

The judgment should be reversed.

WOODWARD, J., concurs.