Caroline Falke, Respondent, *v.* The Third Avenue Railroad Company, Appellant, Impleaded with The Second Avenue Railroad Company.

*Negligence — collision between two street railroad cars — presumption of negligence arising therefrom.*

Where a street car passenger is injured in a collision between a car in which he is riding and the car of another company, which occurs at a point where the tracks of the two companies intersect each other at right angles, and an action is brought against both the companies to recover damages for the injuries thus sustained, a charge that the mere happening of the accident raises a presumption of negligence upon the part of each of the defendants, which it was incumbent upon them to rebut, is erroneous as to the company in whose car the plaintiff was not riding.

A subsequent charge of the court that the mere fact that the car of the latter company struck the blow did not establish negligence on the part of that company, does not cure the error, where it appears that the court, in addition to charging the erroneous proposition referred to, refused two requests to charge embodying the correct rule.

Appeal by the defendant, The Third Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of March, 1898, upon the verdict of a jury for $9,000, as modified by an order entered in said clerk's office on the 22d day of April, 1898, and also from an order entered in said clerk's office on the 7th day of April, 1898, denying said defendant's motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the second department.

*Herbert R. Limburger* [*Alfred Lauterbach* with him on the brief], for the appellant.

*Edward C. James* [*Julius Lehmann* with him on the brief], for the respondent.

Cullen, J.:

This action was brought to recover damages for personal injuries sustained through a collision between a Second avenue horse car, on

which plaintiff was a passenger, and a Third avenue cable car. At the point where the collision occurred the roads of the two companies intersect substantially at right angles. The evidence was sufficient to justify the jury in finding that the collision was occasioned by the appellant's negligence. But we feel constrained to reverse the judgment for what we regard a substantial error in the charge. The learned trial court said to the jury : " The accident which happened in this case, a collision between two cars running upon tracks which crossed each other, was one which, in the ordinary course of events, would not have happened unless some one had been guilty of negligence, and hence the mere fact that such an accident happened at all raised at once sufficient presumption of negligence upon the part of the defendants to make it incumbent upon them to produce evidence to show, as to each of them, that it at least had not been guilty of such negligence." To this charge the appellant excepted. Doubtless, from the mere occurrence of the collision, the presumption of negligence arises, and had the action been against a defendant in the control and operation of both cars, such a defendant would be properly called upon for an explanation. In such a case the charge of the trial court would have been correct, but in the present case two different parties controlled the operation and management of the cars ; there were two actors in the collision, the driver of the Second avenue car and the gripman of the Third avenue car. It was entirely possible, and also entirely probable, that the collision might have been due solely to the fault of one of the parties, and that the other might have been in no way to blame. Therefore, the presumption of negligence arising from the accident did not tend to inculpate either party. Proof that one of two or more parties must have committed a tort or became subject to a contract liability, does not establish the liability of any particular one of the parties, nor subject any party to the burden of explanation. Of course, this would not be applicable to the case of the Second Avenue Railroad Company, which assumed by contract the duty of transporting safely its passengers, so far as human care and foresight could accomplish that result, and of guarding and protecting them even as against the negligence of other parties. But the appellant stood in no contractual relation to the plaintiff, and before it could be put on its defense or called on for explanation, it was

necessary for the plaintiff to present proof tending to establish that it was negligent, not merely that it or its co-defendant was negligent. Doubtless the details and circumstances attending the collision might establish the negligence of the appellant, and, in fact, that is the only way in which such negligence could be established. This is all that *Loudoun* v. *Eighth Avenue R. R. Co.* (16 App. Div. 152) is authority for. But that is a very different proposition from the one charged by the court that the occurrence of the accident raised a presumption of negligence against each company.

The learned counsel for the respondent contends that this error of the court was cured by a subsequent instruction to the jury. The rule is that " To obviate an erroneous instruction upon a material point, it must be withdrawn in such explicit terms as to preclude the inference that the jury might have been influenced by it." (*Chapman* v. *Erie Railway Co.*, 55 N. Y. 579.) The appellant presented to the court twenty requests to charge. Its 8th request was : " No inference of negligence against the defendant Third Avenue Railroad Company must be drawn simply because of the occurrence of the accident." This was refused and the appellant excepted. The 19th request is substantially a repetition : " The mere fact that there was a collision between the two cars does not arouse any presumption that the defendant Third Avenue Railroad Company was negligent." This also was refused and the appellant excepted. The appellant's 10th request to charge was : " If either the conclusion of the negligence of the Third Avenue Railroad Company, or the absence of negligence on its part may, with equal fairness be drawn, then no verdict can be rendered against the Third Avenue Railroad. The mere fact that the cable car struck the blow does not prove negligence on the part of the defendant, the Third Avenue Railroad Company." The court charged this request. It is claimed that the latter part of this request, " The mere fact that the cable car struck the blow does not prove negligence on the part of the defendant, the Third Avenue Railroad Company," not only covers the two other requests alluded to, but operates as a retraction of the previous charge by the court that the occurrence of the accident called upon each defendant for explanation. We do not so construe it, and it is very plain that the trial court did not regard this instruction as inconsistent with its previous charge, or otherwise

it would not have declined to charge the 8th and 19th requests. We regard this portion of the 10th request as merely instructing the jury that the negligence of the Third Avenue Railroad Company was not necessarily or conclusively established by the fact that it was the car of that company which struck the blow, but not as dealing with the question of presumption or the necessity for explanation. The presentation to the court of a great number of requests to charge, many of them covering either the same ground or containing substantially the same legal proposition and varying only in form of expression, is not to be commended. In dealing, on the spur of the moment, with such a series of propositions, the ablest judge will at times be betrayed into inaccuracies or into trifling errors. Of course, there was no necessity in this case for the presentation of twenty separate and distinct propositions to the jury. Had there occurred some slight error in the rulings on such requests, we would not feel compelled to reverse a judgment on account of such error in a case where the main charge had been fair, and had correctly stated the law. So, in the present case, if the error which we have discussed had arisen only on the requests to charge, we are by no means prepared to say that we would have given effect on this appeal to the appellant's exception. But the error of the learned judge occurred in the body of the charge, when the court was first announcing to the jury the rules of law applicable to the case, and which should govern their disposition of it. The appellant seasonably and properly excepted to it, and we think it was entitled to a full and complete retraction.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.