MICHAEL CUNNINGHAM, Respondent, *v.* MICHAEL J. DADY, Appellant, Impleaded with Another.

1. NEGLIGENCE — BURDEN OF PROOF — RES IPSA LOQUITUR.  In an action to recover for injuries caused by the alleged negligence or default of the defendant the plaintiff is required to sustain his claim by a preponderance of evidence, and this burden is never shifted to the defendant, not even in cases in which the doctrine of *res ipsa loquitur* applies. Where it applies, the presumption only establishes a *prima facie* case in favor of the plaintiff, and the defendant is then charged with the obligation of meeting such a case.

2. SAME — ERRONEOUS APPLICATION OF RULE OF RES IPSA LOQUITUR. Where, in an action brought against a contractor and the City of New York to recover for injuries caused by the caving in of a street at a point where the plaintiff was lawfully standing near the place where the contractor, under a contract with the city, had excavated a trench four feet distant from the curb and about eighteen inches from the rail of a street surface railroad track, and, after laying a water pipe therein, had filled the trench and replaced the pavement, it appears that subsequently the railroad company had relaid its track and had excavated for a foundation up to the line of the trench dug by the contractor; that the place of the cave-in was at least a foot outside of the line of the trench; that the trench had been filled, and, for over two months, subjected to the use common to a public street in a large city, and there is no evidence tending to show that the pavement was out of repair or what was the cause of the cave-in further than that it was near the place where the trench had been dug, and the cave-in might have been caused by other agencies than that of the contractor, it was reversible error for the trial court, after granting a nonsuit as to the city, to submit the case against the contractor, with instructions that, under the rule of *res ipsa loquitur*, the street having caved in and injured the plaintiff in the manner described, the jury was required to assume therefrom that the defendant was negligent, and that it was his duty, therefore, to prove by a preponderance of evidence that the caving in of the street did not occur by reason of any act or omission on his part.

*Cunningham* v. *Dady*, 119 App. Div. 89, reversed.

(Argued January 28, 1908; decided February 18, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 23, 1907, affirming a judgment in favor of plaintiff

entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Jerry A. Wernberg* for appellant. The doctrine of *res ipsa loquitur* does not apply to the facts or circumstances of this case. (*Duhme* v. *H. A. P. Co.*, 184 N. Y. 404; *Del Senjore* v. *Hallinan*, 153 N. Y. 278; *Griffin* v. *Manice*, 74 App. Div. 371; 174 N. Y. 505; *Cosulich* v. *S. O. Co.*, 122 N. Y. 118; *Dougherty* v. *Milliken*, 163 N. Y. 527; *Welsh* v. *Cornell*, 168 N. Y. 508; *Dobbins* v. *Brown*, 119 N. Y. 188; *De Graff* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 125; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 164 N. Y. 491; *Butcher* v. *Pryibil*, 19 App. Div. 126; *Haughey* v. *Thatcher*, 89 App. Div. 375; *Fink* v. *Slade*, 66 App. Div. 105; *Leyh* v. *N. E. R. Co.*, 41 App. Div. 218; 168 N. Y. 667; *Kirby* v. *D. & H. C. Co.*, 20 App. Div. 473.)

*Max L. Shallek* and *Lavinia Lally* for respondent. The doctrine of *res ipsa loquitur* was applicable to the case at bar, and the case presents such a state of facts which, together with the attending circumstances, permits the jury to presume defendant's negligence. (*Griffin* v. *Manice*, 166 N. Y. 188; *Breen* v. *N. Y. C. R. R. Co.*, 109 N. Y. 297; *Piehl* v. *A. Ry. Co.*, 30 App. Div. 166; *Mullen* v. *St. John*, 57 N. Y. 567.

Haight, J. This action was brought against the appellant Dady and the city of New York to recover compensation for damages alleged to have been sustained by the plaintiff while crossing Boerum place in the borough of Brooklyn in the forenoon on the 22d day of September, 1904.

The evidence presented on behalf of the plaintiff tended to show that the plaintiff had approached the southwest corner of Livingston street and Boerum place, and had started to cross Boerum place; that he had taken one step, two or three feet from the curb, and stopped while an automobile passed.

At that instant one of the Belgian blocks of the pavement sud-denly gave way and his leg sank down into a hole, about a foot and a half in diameter, four or five feet deep, up to about the middle of his thigh, causing him to fall and receive the injuries for which this action was brought. It further appeared that the defendant Dady, under a contract with the city to lay a water main, had excavated a trench, through Boerum place, about six feet deep and three feet wide, in which he had laid a water main one foot in diameter, and then had filled the trench so dug and covered the same with pavement; that the edge of the trench was about four feet from the curb of the street from which the plaintiff stepped, and that it extended to within about eighteen inches of the rail of the street railroad track; that subsequently the railroad company had relaid its track and excavated to a depth of about eighteen inches for its foundation, and up to the line of the trench excavated by the defendant Dady, and that the street had not been open that summer prior to the accident for any other purpose. On behalf of the defendant Dady evidence was produced to the effect that the filling of the trench was done under the supervision of the inspectors appointed by the city authorities; that the earth was carefully tamped down around the pipe and up through the trench; that water was turned in from time to time so as to cause the earth to settle and fill in the crevices; that when the trench was filled a temporary pavement was placed over it until the earth had become settled and firm. This was completed on the first or second day of July, and thereafter the tempo-rary pavement was removed and the permanent pavement substituted on the 6th day of August.

Upon the conclusion of the plaintiff's case a nonsuit was granted as to the defendant, the City of New York. In submitting the case to the jury as to the liability of the defendant Dady, the court charged as follows: " Ordinarily, when an accident happens, a jury is not permitted to assume from its mere happening that anybody is responsible in damages. Ordinarily, it is incumbent upon the person who gets hurt to

prove that the person or corporation that he sues was guilty,
of negligence and carelessness, and that he himself was not
negligent in any particular.    *    *    *    In this case a differ-
ent rule has been invoked and the court has decided to apply
it to this case; and that is, where an accident happens which
in the ordinary course of events and in the observance of
proper care and prudence would not have happened, the jury
have the right to presume that there was negligence some-
where." The court then rehearsed the evidence with refer-
ence to the caving in of the street upon which the plaintiff
was walking, and then proceeds to charge further: "The
rule permits you to assume from that happening that the
defendant was negligent and puts him to his proof." And
further on the court charged: "The burden in this case,
according to the ruling and the application of the rule spoken
of and mentioned in your hearing, is that it is the defendant's
duty to prove by a preponderance of evidence that he was not
guilty of the negligence of which he is accused. He must
establish by a preponderance of evidence that he did not
cause the injury, and it is for you to say whether he has
proven it or failed to establish that fact." The defendant
took an exception to the charge of the court that the doctrine
of *res ipsa loquitur* applies.

The question is thus presented as to whether the maxim
invoked by the trial court can be sustained, as applied to the
facts in this case. The meaning of the maxim is, that the *res*,
the thing, of itself is evidence of negligence, and as applied
in this case, it is that the thing is evidence of the negligence
of the defendant. So that owing to the fact that the street
caved in and injured the plaintiff in the manner described,
the jury was required to assume from that fact that the
defendant was negligent and that the burden was cast upon
him of not only showing that he was free from negli-
gence in the matter and that the caving in of the street did
not occur by reason of any act or omission of his, but that he
must sustain such facts by a preponderance of evidence.

The testimony, as we have seen, tended to show that the

·place of the cave-in was at least a foot outside of the line of the trench dug by the defendant; that the trench itself had been filled, and for the space of two months and twenty days had been subjected to the use common to a public street in a great city. This action was brought against the city of New York as well as the defendant Dady. The street was under the care, custody and control of the city, which was charged with the duty of keeping it in repair. The city had its inspectors upon the job watching the manner in which the trench was filled. There was, however, no evidence tending to show that the pavement was out of repair, or that the city had knowledge of any defect in the street other than that with which it was charged, in having its inspectors supervise the filling in of the trench. We are not advised as to the cause of the cave-in, further than that it was near to where the trench had been dug. As we have seen, it was a hole a foot and a half in diameter and about five feet deep. It may have been caused by other agencies than that of the defendant.

The rule invoked has been approved in cases in which there was a brick wall of a building falling into the street, or a brick falling from the pilaster of a railroad bridge upon which an iron girder was being placed, or where a barrel rolled out of a window of a warehouse on to the street, or the falling of a chisel out of a window of a building on to the sidewalk, or the falling of a broken bolt and an iron plate from the elevated railroad structure, or of a crowbar from the custody of a gang of men working upon such an elevated structure, by which persons passing in the street have received injuries. (*Mullen* v. *St. John*, 57 N. Y. 567; *Kearney* v. *London B. & S. C. Ry. Co.*, L. R. [5 Q. B.] 411; *S. C.*, 6 id. 759; *Byrne* v. *Boadle*, 2 Hurl. & Colt. 722; *Cahalin* v. *Cochran*, 1 N. Y. St. Rep. 583; *Goll* v. *Manhattan Ry. Co.*, 24 id. 24; affirmed, 125 N. Y. 714; *Volkmar* v. *Manhattan Ry. Co.*, 134 N. Y. 418; *Hogan* v. *Manhattan Ry. Co.*, 149 N. Y. 23.) But in those cases there was no question as to the cause of the accident or the party liable therefor. This case is different. A grave

doubt exists as to the cause and the party liable.   The burden
of showing the cause of the cave-in rested on the plaintiff, and
throughout the case he was required to sustain his claim by a
preponderance of evidence.   This burden is never shifted on
to the defendant, not even in cases where the maxim invoked
applies.   Where it applies, the presumption only establishes
a *prima facie* case in favor of the plaintiff, and the defend-
ant is then charged with the obligation of meeting such a case.
In this case our conclusion is, that the rule invoked had no
application, and that the trial court erred in so charging the
jury.   (*Loudoun* v. *Eighth Avenue R. R. Co.*, 162 N. Y.
380; *Griffen* v. *Manice*, 166 N. Y. 188; *Falke* v. *Third
Avenue R. R. Co.*, 38 App. Div. 49.)

The judgment should be reversed and a new trial ordered,
with costs to abide the event.

Cullen, Ch. J., Gray, Vann, Willard Bartlett and
Hiscock, JJ., concur; Chase, J., concurs in result.

Judgment reversed, etc.