on the trial thereof, must file his decision in writing, stating separately the facts and conclusions of law.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 504.*]

2. EXECUTORS AND ADMINISTRATORS (§ 504*)—PROCEEDING TO SETTLE ACCOUNTS. —OBJECTIONS—ISSUE OF FACT—TRIAL ON AFFIDAVITS.

The trial of such a question on affidavits, instead of oral testimony, should be discouraged, particularly where nice questions, both of fact and of law, are involved.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 504.*]

Appeal from Surrogate's Court, Westchester County.

In the matter of the judicial settlement of the account of Grace S. Sloane, administratrix of Douglas Sloane, to which Maggie Sloane Mills and others objected. From a decree settling the account (118 N. Y. Supp. 555), the administratrix appeals. Reversed, and remitted to the Surrogate's Court for a further hearing.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Chester A. Jayne, for appellant.
Eugene D. Boyer, for respondent Mills.
Theodore M. Hill, special guardian for infant respondents.

PER CURIAM. The account of the administratrix and the objections thereto raised an issue of fact. Matter of Woodward, 69 App. Div. 286, 74 N. Y. Supp. 755. That question was tried on affidavits, instead of oral testimony, a practice to be discouraged, particularly where, as here, nice questions both of fact and of law are involved. It was important to show definitely the agreement, pursuant to which the bond and mortgage of February 11, 1892, were given, the agreement pursuant to which the deed of August 10, 1892, was given, and the intention of the parties to both transactions. Even though affidavits, in place of oral testimony, were received, the trial was the trial of an issue of fact, and a decision, as required by section 2545 of the Code of Civil Procedure, was necessary to support the decree. Although both sides request a decision on the merits, we have no alternative but to reverse the decree, and remit the proceedings to the Surrogate's Court.

Decree of the Surrogate's Court of Westchester county reversed, with costs to the appellant, and proceedings remitted to the Surrogate's Court for further hearing and decision, as required by section 2545 of the Code of Civil Procedure.

---

STANBRIDGE v. NASSAU ELECTRIC R. CO. et al.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

CARRIERS (§ 316*)—PASSENGERS—INJURIES—PRESUMPTIONS—NEGLIGENCE—COLLISION.

The mere collision of a street car on which a passenger was riding with a car on another street railroad raised a presumption of negligence by

the carrying company, requiring it to show its freedom from fault, but raised no presumption of negligence by the other company.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1287; Dec. Dig. § 316.*]

Appeal from Appellate Term.

Action by Frederick Stanbridge against the Nassau Electric Railroad Company and another. From an order of the Appellate Term (117 N. Y. Supp. 94), reversing a judgment of the Municipal Court dismissing the complaint, defendant Nassau Electric Railroad Company appeals. Affirmed as to defendant named, and reversed as to the other defendant.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Francis R. Stoddard, Jr., for appellant.

Michael F. Conry, for respondent.

SCOTT, J. The defendant appeals from an order of the Appellate Term, reversing a judgment of the Municipal Court in favor of defendant dismissing the complaint.

The defendant offered no evidence resting upon the case made by the plaintiff's proofs, and the complaint was dismissed against both defendants, upon the ground that the plaintiff had failed to prove that the accident by which he was injured was the result of the negligence of either defendant. The defendants both own and operate lines of electrical railways in the borough of Brooklyn, city of New York. The plaintiff was a passenger on a car belonging to defendant the Nassau Electric Railroad Company. A collision occurred between the car in which plaintiff was riding and a car belonging to the defendant the Brooklyn Heights Railroad Company, in consequence of which plaintiff was injured. No evidence was offered showing how the collision occurred, or which company was at fault. It is well established that in such a case the mere happening of the accident raises a presumption of negligence on the part of the carrying company, and casts upon it the task of showing that it was free from fault. This results from the high degree of care required from a common carrier towards its passengers. Loudoun v. Eighth Avenue R. R. Co., 162 N. Y. 381, 56 N. E. 988; Duhme v. Hamburg-American Packet Co., 184 N. Y. 404, 77 N. E. 386, 112 Am. St. Rep. 615; Henson v. Lehigh Valley R. R. Co., 194 N. Y. 205, 87 N. E. 85, 19 L. R. A. (N. S.) 790. The same rule, however, does not apply to the owner of the colliding car in which plaintiff was not a passenger. Falke v. Third Avenue R. R. Co., 38 App. Div. 49, 55 N. Y. Supp. 984.

The complaint was therefore properly dismissed as to the Brooklyn Heights Railroad Company, but improperly dismissed as to the Nassau Electric Railroad Company. The determination is therefore affirmed as to the Nassau Electric Railroad Company, and as to the Brooklyn Heights Railroad Company it is reversed, and the judgment of the Municipal Court affirmed, without costs to either party as against the other in this court or in the Appellate Term. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes