PLATOFF v. BROOKLYN, Q. C. & S. R. CO. et al.

(Supreme Court, Appellate Division, Second Department.  April 21, 1911.)

CARRIERS (§ 320*) — STREET RAILROADS — INJURY TO PASSENGER — COLLISION WITH VEHICLE—NEGLIGENCE—JURY QUESTIONS.

In an action by a street car passenger against the street car company and the owners of a motor truck for injuries in a collision between the car and the truck, evidence *held* to require the submission to the jury of the question of defendants' negligence.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 320.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Ida Platoff against the Brooklyn, Queens County & Suburban Railroad Company and another.  From a judgment dismissing the complaint, plaintiff appeals.  Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

William V. Burke, for appellant.

James W. Carpenter, for respondents.

RICH, J.  Plaintiff's injury was caused by a collision between one of the defendant company's trolley cars, in which she was a passenger, and a large motor truck owned and operated by the defendants Welz & Zerweck.  The undisputed facts are that, as the car approached Monroe street on Reid avenue at full speed, the truck was rapidly approaching the street intersection on Monroe street.  No signal or warning was given by either the car or truck in approaching this crossing, and no attempt was made to slacken the speed of either, though there was nothing to obstruct the view of the driver of either vehicle of the other.  As the car was passing Monroe street and the truck turned into Reid avenue, they came together with a crash, throwing plaintiff to the floor of the car, in consequence of which she was more or less seriously injured.

The complaint was dismissed, upon the ground that no negligence was shown on the part of the defendants.  This was error.  The plaintiff had no difficulty in seeing the truck while it was in Monroe street, 75 feet from Reid avenue, and it would seem that by the exercise of reasonable care on the part of the motorman or operator of the truck— either of them—the accident would not have happened.  It was the duty of the trial court to submit the question of the negligence of the defendants—one or both of them—to the jury.  Loudoun v. Eighth Avenue R. R. Co., 162 N. Y. 380, 56 N. E. 988; Stanbridge v. Nassau Electric R. R. Co., 135 App. Div. 38, 119 N. Y. Supp. 668; Vogel v Bahr, 130 App. Div. 732, 115 N. Y. Supp. 284; Tucker v. Brooklyn Heights R. R. Co., 131 App. Div. 97, 115 N. Y. Supp. 224; Hanley v. Brooklyn Heights R. R. Co., 127 App. Div. 355, 111 N. Y. Supp. 575; Hill v. Ninth Avenue R. R. Co.,109 N. Y. 239, 16 N. E. 61.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event.  All concur.