## CASEY v. WYNATOL REALTY & HOTEL CO.

(Supreme Court, Appellate Term, First Department. May 18, 1915.)

1. MASTER AND SERVANT ☞265—ACTION FOR INJURY—BURDEN OF PROOF.

Plaintiff, employed by defendant hotel company, suing for injuries by cutting herself on a broken glass while endeavoring to get through a window onto a fire escape, and also for burns, had the burden of establishing defendant's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ☞265.]

2. MASTER AND SERVANT ☞265—ACTION FOR INJURY—PRESUMPTION—"RES IPSA LOQUITUR."

There being no evidence of negligence, the doctrine of "res ipsa loquitur," meaning that the thing is evidence of the negligence of defendant, could have no application, where, if the accident was due to negligence, it might as well have been that of a fellow servant as of the employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ☞265.

For other definitions, see Words and Phrases, First and Second Series, Res Ipsa Loquitur.]

3. MASTER AND SERVANT ☞265—ACTION FOR INJURY—PRESUMPTIONS—NEGLIGENCE.

Where there was no evidence as to the cause of an explosion of gasoline, or as to any negligence in using it, the mere fact of an explosion on the premises did not make out a prima facie case of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ☞265.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Mary Casey against the Wynatol Realty & Hotel Company. Judgment for plaintiff after a trial before the court without a jury, and defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Menkel & Hinckley, of New York City (Henry S. Curtis, of New York City, Wm. Cocks, Jr., and Anthony M. Menkel, both of New York City, of counsel), for appellant.

James I. Moore, of New York City, for respondent.

PENDLETON, J. The action is for damages alleged to have been caused by defendant's negligence. Plaintiff, a cleaner or scrubwoman employed by defendant, an hotel keeper, was injured by cutting herself on a broken glass while endeavoring to get through a window onto the fire escape, and was also burned.

[1] It appears that gasoline was being used for some cleaning purpose by a housekeeper, or houseman, employed by defendant. An explosion occurred, setting fire to the premises, as a result of which plaintiff, being frightened, endeavored to get on the fire escape, and in so doing received the injuries complained of. There was no evidence as to the cause of the explosion, or what occasioned it, or as to any negligence in using the gasoline, or that its use for the purpose was dangerous or unusual. The burden was on plaintiff to establish defendant's negligence. There was no evidence of the service of any notice under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200-204).

[2, 3] There is no evidence of negligence, and the doctrine of res ipsa loquitur can have no application in an action by an employé, where, if the accident was due to negligence, it may as well have been that of a fellow employé as of the employer. Wolf v. American Tract Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241; Scott v. Nauss Brothers Co., 141 App. Div. 255, 126 N. Y. Supp. 17. The meaning of the maxim is that the thing is evidence of the negligence of defendant. Cunningham v. Dady, 191 N. Y. 152, 83 N. E. 689; Wetsell v. Reilly, 159 App. Div. 688, at page 691, 145 N Y. Supp. 167. The mere fact of an explosion on premises does not make out a prima facie case of negligence against the owner. Wetsell v Reilly, 159 App. Div. 688, 145 N. Y. Supp. 167.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.