MARTIN P. PLUMB, Respondent, *v.* RICHMOND LIGHT AND RAILROAD COMPANY, Appellant, Impleaded with Another.

**Street railways — passengers — negligence — action by passenger riding on running board of trolley car to recover for injuries received from collision between the car and a motor truck — rule of res ipsa loquitur applicable to case — proper instructions to jury.**

1. The phrase *res ipsa loquitur* is a phrase of limited application which indicates that the *res*, or thing itself, speaks of fault; that the fact of the occurrence of an injury and the surrounding circumstances may permit an inference of culpability on the part of the defendant, make plaintiff's *prima facie* case, and shift the burden of going on with the case to the defendant. If a satisfactory explanation is offered by the defendant, the plaintiff must rebut it by evidence of negligence or lose his case. On the whole case there must be a preponderance of evidence in favor of the plaintiff's contention.

2. Plaintiff, a passenger in defendant's trolley car, riding on the running board, was injured in a collision between the car and a motor truck. Testimony was given by plaintiff of the injury he sustained and the surrounding circumstances as tending to show defendant's negligence; testimony was then given by defendant tending to explain the occurrence as happening without fault upon its part. The evidence then closed. The trial court then instructed the jury that "The management and control of the transportation of the passenger is wholly confided to the employees operating the car, and the passenger cannot be expected to account for a collision if one takes place. When such a collision takes place, there arises, as a rule of evidence, a presumption of negligence upon the part of the carrier, which calls upon it for an explanation * * * the company, from the fact of the collision, if you find that there was a collision, is called upon to make an explanation; and then it is for you to determine upon the whole case, on all the evidence, whether there is a preponderance of evidence in favor of plaintiff's contention that there was negligence upon the part of the defendant." To this charge plaintiff excepted in these words, "I take an exception to that portion of Your Honor's charge wherein and whereby you practically charge that this is a *res ipsa* case." *Held*, that the only question presented is whether the rule *res ipsa loquitur* was properly applied; that the charge as

given was proper in that this is " a *res ispa* case " and the court laid down the correct rule of law applicable thereto.

3. The question whether defendant's explanation of the accident was adequate, as contended by defendant, was not raised by any reviewable exception. The court stated the abstract rule in full and ended by requiring the plaintiff to establish his case by a preponderance of evidence, and upon the unanimous affirmance herein this court must assume that defendant failed to meet the burden imposed upon it, and that its explanation of the accident was inadequate and that plaintiff properly stood before the jury on his *prima facie* case.

4. The mere fact of collision, under circumstances consistent with due care on the part of the carrier, may not, in reason, preponderate over credible evidence showing that mismanagement of the other vehicle was the proximate cause of the injury.

*Plumb* v. *Richmond Light & R. R. Co.*, 195 App. Div. 254, affirmed.

(Argued March 17, 1922; decided April 18, 1922.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 6, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Bertram G. Eadie* and *Guy O. Walser* for appellant. The exception to the charge with relation to the alleged presumption of negligence presents reversible error. (*Munzer* v. *Interurban St. Ry. Co.*, 45 Misc. Rep. 568; *Blew* v. *Phila. R. T. Co.*, 227 Penn. St. 319; *Black* v. *Boston El. R. Co.*, 187 Mass. 172; *Chicago City Ry. Co.* v. *Rood*, 163 Ill. 477; *Hawkins* v. *Front St. Cable R. Co.*, 3 Wash. 592; *Fagan* v. *Rhode Island Co.*, 27 R. I. 51; *Wolff* v. *Chicago Union Trac. Co.*, 119 Ill. App. 481; *Chicago Union Trac. Co.* v. *Mee*, 218 Ill. 9; *Loehner* v. *N. Chicago Ry. Co.*, 116 Ill. App. 365; *Stangy* v. *Boston Elec. R. Co.*, 220 Mass. 414; *Simkins* v. *Phila. R. T. Co.*, 244 Penn. St. 182; *Singer S. Mach. Co.* v. *Springfield St. R. Co.*, 216 Mass. 138.)

*Francis X. Carmody* and *Morrison T. Hankins* for respondent. The charge of the trial court was a correct statement of the law. (*Loudoun* v. *E. A. R. R. Co.*,

162 N. Y. 380.) In personal injury cases the higher the degree of care required of the defendant the less the quantity and quality of the evidence necessary to show negligence. (*Breen* v. *New York Central R. R. Co.*, 109 N. Y. 297; *Griffen* v. *Manice*, 166 N. Y. 194; *Green* v. *Banta*, 97 N. Y. 627; *Henson* v. *Lehigh Valley R. R. Co.*, 194 N. Y. 205; *Marceau* v. *Rutland R. R. Co.*, 211 N. Y. 203; *Alexander* v. *Rochester, C. & B. R. R. Co.*, 128 N. Y. 13; *Hill* v. *9th Ave. Ry. Co.*, 109 N. Y. 239; *Stanbridge* v. *Nassau Elec. Co.*, 135 App. Div. 38; *Levine* v. *Brooklyn-Queens Co. Sub. Ry. Co.*, 134 App. Div. 606; *Vogel* v. *Bahr*, 130 App. Div. 732; *Maher* v. *Met. St. Ry. Co.*, 102 App. Div. 517.)

POUND, J. Plaintiff, a passenger in defendant's trolley car, riding on the running board, was injured in a collision between the car and a motor truck. On a unanimous affirmance of a judgment in favor of the plaintiff, entered on the verdict of a jury, leave to appeal to this court was granted by the Appellate Division. Testimony was given by plaintiff of the injury he sustained and the surrounding circumstances as tending to show defendant's negligence; testimony was then given by defendant tending to explain the occurrence as happening without fault on its part. The evidence was then closed, no further evidence being offered by the plaintiff. The error complained of is as follows:

The trial court instructed the jury: " The management and control of the transportation of the passenger is wholly confided to the employees operating the car, and the passenger cannot be expected to account for a collision if one takes place. When such a collision takes place, there arises, *as a rule of evidence, a presumption of negligence* upon the part of the carrier, which calls upon it for an explanation. I do not mean, in making this statement, that this rule of evidence shifts the burden of proof from the shoulders of the plaintiff on to the

shoulders of the defendant, but only that the company from the fact of the collision, if you find that there was a collision, is called upon to make an explanation; and then it is for you to determine on the whole case, on all the evidence, whether there is a preponderance of the evidence in favor of the plaintiff's contention that there was negligence upon the part of the defendant."

To this portion of the charge defendant excepted in these words: " I take an exception to that portion of your Honor's charge wherein and whereby you practically charge that this is a *res ipsa* case."

The only question thus presented is whether *res ipsa loquitur* was properly applied. *Res ipsa loquitur* is a loose but much-used phrase of limited application which is a symbol for the rule that the fact of the occurrence of an injury and the surrounding circumstances may permit an inference of culpability on the part of the defendant, make out plaintiff's *prima facie* case, and present a question of fact for the defendant to meet with an explanation. The term " surrounding circumstances " in this connection refers not to circumstances directly tending to show lack of care in handling, such as excessive speed, lack of proper control of the car and the like, which tend in themselves to establish plaintiff's case, but only to mere neutral circumstances of control and management by the defendant which may, when explained, appear to be entirely consistent with due care. Shifting the burden of explanation or of going on with the case does not shift the burden of proof. If a satisfactory explanation is offered by the defendant, the plaintiff must rebut it by evidence of negligence or lose his case. On the whole case there must be a preponderance of evidence in favor of plaintiff's contention. (*Griffen* v. *Manice*, 166 N. Y. 188; *Goldstein* v. *Pullman Co.*, 220 N. Y. 549.)

The charge as given was proper in that this is " a *res ipsa* case." Although the plaintiff's case rested wholly on proof of the accident, the surrounding circumstances

and the absence of an explanation, he would, at the close of his case, have been entitled to go to the jury on the question of fact thus presented, if no further evidence had been offered.  If a passenger in a street car is injured by reason of a collision with another vehicle moving in the street, a presumption of negligence arises against the carrier although the same presumption does not arise against the driver of the other vehicle.  " The danger of collision with other vehicles moving on the street is always present, and the employee managing and controlling the car must be on the alert to avoid that danger.  *  *  *  The management and control of the transportation of the passenger is wholly confided to the employees operating the car, and the former cannot be expected to be on the watch either as to its management or that of other vehicles, or if a collision takes place, be able to account for its occurrence.  Therefore, when such a collision occurs there arises a presumption of negligence on the part of the carrier, which calls upon it for explanation."  (*Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 380, 386.)  This presumption arises out of the duty of the carrier to its passengers " to exercise the very highest degree of care in the management and operation of its " car (*Grimshaw* v. *Lake Shore & M. S. Ry. Co.*, 205 N. Y. 371, 378), or if the application of such a strict rule under the facts of the case would be unjustifiable, at least " to exercise that care and skill to avoid the accident, which human prudence and fore-sight should have suggested " under the circumstances. (*Stierle* v. *Union Ry. Co. of N. Y. City*, 156 N. Y. 70; *S. C.*, 156 N. Y. 684, 686.)

The question whether defendant's explanation was adequate is not raised by any reviewable exception. If the learned trial court had instructed the jury that they had the right on all the evidence to infer, from the happening of the accident alone, that the defendant

was negligent, *i. e.*, that a presumption of negligence arose therefrom which was evidence for the plaintiff, a different question might have been presented on this record.    The rule, strictly speaking, merely takes the place of evidence as affecting the burden of proceeding with the case, and is not itself evidence.    But the learned justice stated the abstract rule in full and ended by requiring the plaintiff to establish his case by a preponderance of evidence.    He gave no instructions as to the weight, if any, which might be given to the so-called presumption of negligence on the whole case.    On a unanimous affirmance we must assume that defendant failed to meet the burden imposed on it.    We may not read the evidence to learn what its explanation was.    We must assume that it was inadequate and that plaintiff properly stood before the jury on his *prima facie* case. The mere fact of a collision, under circumstances consistent with due care on the part of the carrier, may not, in reason, preponderate over credible evidence showing that mismanagement of the other vehicle was the proximate cause of the injury.    (*Alexander* v. *Rochester City & B. R. R. Co.*, 128 N. Y. 13; *Gibson* v. *Int. Trust Co.*, 177 Mass. 100, 103.)

The judgment should be affirmed, with• costs.

MCLAUGHLIN, J. (dissenting).    The plaintiff, a passenger in one of defendant's street cars, was injured by a motor truck, going in the opposite direction, colliding with the side of the car.    The truck was not owned or in any way controlled by the defendant.    The trial court, after referring to the collision, instructed the jury, to which an exception was taken, as follows:    " When such a collision takes place there arises as a rule of evidence a presumption of negligence on the part of the carrier which calls upon it for an explanation.    I do not mean in making this statement that this rule of evidence shifts the burden of proof from the shoulders of the plaintiff

on to the shoulders of the defendant, but merely that the company from the fact of the collision, if you find there was a collision, is called upon to make an explanation."

I am of the opinion that the instruction did not correctly state the rule of law applicable to the case, and that the exception necessitates a reversal of the judgment and a new trial.

The charge is sought to be justified by the decision of this court in *Loudoun* v. *Eighth Ave. R. R. Co.* (162 N. Y. 380). That case, as I read the opinion, is clearly distinguishable from the present one. There, the Eighth Avenue Railroad Company's cars crossed the tracks of the Third Avenue Railroad Company at right angles. The plaintiff was a passenger in a car of the former and was injured by its colliding at the crossing with a car of the latter. The court held that the doctrine of *res ipsa loquitur* applied to the Eighth Avenue Company, but not to the Third Avenue Company; that the collision having occurred *at the crossing*, there arose a presumption of negligence on the part of the carrier which called upon it for an explanation. The presumption in that case arose by reason of the duty of the carrier to its passenger to exercise the highest degree of care to avoid a collision at that point; that it knew of the crossing and if the car in which the passenger was riding reached that place at the same time the car of the Third Avenue railroad did, a collision would necessarily occur; that the collision having there taken place, the carrier was bound to give some explanation of it, and that unless a sufficient explanation were given, a presumption of negligence arose against the carrier.

It is true there are expressions in the opinion which would make the rule there stated apply to trackless vehicles not only at crossings but moving anywhere in the street. No question of that kind, however, was presented or involved in the decision. Therefore, what was said on

that subject is not binding upon the court.    It has been well said that " a judicial opinion, like evidence, is only binding so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance."    (*Colonial City T. Co.* v. *Kingston City R. R. Co.*, 154 N. Y. 493, 495.)    Legal principles are not established or rules laid down by what is said in a judicial opinion; that is only done by the decision made.    (*People ex rel. Met. St. Ry. Co.* v. *Tax Comrs.*, 174 N. Y. 417, 447).

That the exception to the portion of the charge quoted was well taken seems to me to follow from our decision in *Alexander* v. *Rochester C. & B. R. R. Co.* (128 N. Y. 13). There, the plaintiff, a passenger, was injured while riding in one of the defendant's street cars by a wagon loaded with lumber moving in the opposite direction colliding with the side of the car.    It was there held that the mere fact of the collision did not of itself establish negligence on the part of the defendant or raise a presumption of negligence on its part which called upon it for an explanation.    Judge GRAY, who delivered the opinion, in which the other members of the court concurred, said: " As the case stood upon the evidence, no inference was permissible that the defendant had failed in its obligation to carry the plaintiff with that care and vigilance, which are imposed by law upon such a carrier of passengers.    *    *    *."    (p. 18.)

This authority was followed and applied in *Grant* v. *Metropolitan St. Ry. Co.* (99 App. Div. 422).    In that case the plaintiff was a passenger in one of defendant's street cars.    She was injured by a horse colliding with it. It was held that the mere fact of the collision between the car and the horse was not of itself sufficient to justify the application of the maxim *res ipsa loquitur*.

The same view has been expressed in other jurisdictions. (*Stangy* v. *Boston Elevated Railway Co.*, 220 Mass. 414; *Blew* v. *Phila. Rapid Transit Co.*, 227 Penn. St. 319; *Chicago City Ry. Co.* v. *Rood*, 163 Ill. 477; *Fagan* v. *Rhode*

*Island Company*, 27 R. I. 51; *Hawkins* v. *Front St. Cable Ry. Co.*, 3 Wash. 592. See, also, *Paterson* v. *Phila. Rap. Transit Co.*, 218 Penn. St. 359; *Kurts* v. *Phila. Rapid Transit Co.*, 244 Penn. St. 179; *Coffey* v. *Sampsell*, 174 Ill. App. 576; Halsbury's Laws of England, vol. 21, pp. 439–441.)

The maxim *res ipsa loquitur* — the thing speaks for itself — is applied when the thing causing the injury is shown to be under the control of a defendant and the accident is such as, in the ordinary course of business, would not have happened if reasonable care had been used, then it, in the absence of explanation by defendant, affords sufficient evidence that the accident arose from a lack of care on his part. (*Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297.)

The collision was caused by the driver of the motor truck, when nearly opposite the car in which the plaintiff was riding, suddenly changing his course and attempting to pass another vehicle moving in the same direction. In doing this, the truck ran into the side of the car. The accident could not have been anticipated by the defendant's motorman, and there is nothing which he could have reasonably done which would have avoided it. It was due to the careless and reckless act of the driver of the truck. To say under such circumstances that the maxim *res ipsa loquitur* applies is in effect to make the defendant an insurer of the safety of its passengers. (*Piper* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 224.)

I am of the opinion that the judgment appealed from should be reversed and a new trial granted, costs to the appellant to abide the event.

HOGAN, CARDOZO, CRANE and ANDREWS, JJ., concur with POUND, J.; McLAUGHLIN, J., reads dissenting opinion; HISCOCK, Ch. J., not voting.

Judgment affirmed.