### O'BRIEN BROS., Inc., v. CITY OF NEW YORK et al.

District Court, E. D. New York. July 2, 1928.

Foley & Martin, of New York City, for libelant.

George P. Nicholson, Corp. Counsel, of New York City, for respondent City of New York.

Wing & Wing, of New York City, for respondent Adler.

Bongiorno & Diserio, of New York City, for respondent Frorillo.

INCH, District Judge. Libelant's scow was damaged by a fire which started under a dumping board, on a pier, and was later communicated to the scow. The cause of the fire was uncertain, but it may fairly be said to have first arisen in some rags and rubbish belonging to the respondent Frorillo, a subcontractor for the respondent Adler, who had made a contract with the city to do the "trimming" of scows at this place. Naturally there was, of necessity, a quantity of such material at this pier where collected trash and similar refuse obtained in clearing the city streets was disposed of by dumping into scows such as libelant's and then taken away.

There was no contractual relation between libelant and respondents other than the city. █ The burden rested on libelant to prove by a fair preponderance of evidence that its scow caught fire and was damaged by reason of negligence, to wit, a failure to use reasonable care on the part of such respondents.

█ The circumstances undoubtedly called for an explanation by those in charge of the place, but the mere fact of the fire alone did not amount to a presumption of negligence as a matter of proof. Plumb v. Richmond Light Co., 233 N. Y. 285, particularly at page

287, 135 N. E. 504, 505, 25 A. L. R. 685. This explanation has been given.

█ It appears that a competent watchman was employed and was there. There is no evidence of careless arrangement of the work. There is some testimony that at one time, much earlier in the day, some workman, contrary to orders, had had a fire in a small iron can, some distance away, for some purpose, presumably for heating water or cooking. There is no evidence however that such fires were allowed or tolerated, but on the contrary that they were not allowed and the class of workmen employed were warned about such acts and forbidden to do them. None of the respondents were insurers, and in my opinion there has been a failure to show, by a fair preponderance of evidence, that there was neglect to use reasonable care to prevent the fire.

This means that the libel must be dismissed as to the contractor and subcontractor having immediate charge of the work.

The libelant claims however that the respondent, the city of New York, is still liable for the damage caused by the fire, by reason of its charter or hiring contract. The most that can be said as to this, as I read the arrangement between libelant and the city, is that it was secured against damage caused by negligence of the city or that of the other respondents.

Inasmuch as I fail to find negligence proven, there has been no liability shown on the part of the city. The libel against the city is therefore also dismissed.