Bergan, J.
The doctrine of res ipsa loquitur has come down to us clothed in a loose nomenclature. It is sometimes regarded as casting a “ burden of explanation ” or an “ obligation ” of disproving negligence upon the party against whom it is invoked.
It is, however, a rule of evidence. The reasons which won acceptance for it are not to be confused with its function in the case. The rule is accepted because sometimes the subject of the claimed negligence is so controlled by the defendant that the injured plaintiff cannot know the process by which the instrument in the other man’s control did him harm. He can only say that the instrument did the harm.
If there is to be explanation it lies with the man who has control. The court does not impose a burden of proof, or indeed any burden, on the defendant. It applies, rather, an evidentiary rule and allows an inference to be drawn if it seems appropriate to do so. The pragmatic policy that lies in the fabric of the rule does not alter the position of the parties in the lawsuit. The rule of evidence is allowed because the possibility of explanation of the occurrence lies with the party who controls the agency of injury.
It is because it would be expected that he alone could explain the occurrence that the other party is allowed a beneficial inference. The inference is admitted because the adverse party is deemed to possess the key to solution of an occurrence not fully explained. There is judicial supervision of the reasonableness of all this. But if the doctrine is applied it is merely a lift over the usual evidentiary obstacles. A rule of evidence does not shift a burden. All that happens is that the court on the evidentiary inference will not nonsuit the plaintiff.
Defendant need not explain the occurrence; he certainly has no burden in the case to explain it. He may argue to the jury, resting on plaintiff’s case, that it would be unwarranted to draw the inference that the court would permit; or he may give an explanation, with its attendant risks, as a part of his defense. *603 That there is no shifting of the burden of proof is made perfectly clear by Haight, J., in Cunningham v. Lady (191 N. Y. 152) and the opinion of Pound, J., in Plumb v. Richmond Light & R. R. Co. (233 N. Y. 285) amounts to further clarification.
Here the proof in an action against a telephone company is that plaintiff took the receiver down and answered the telephone. He testified ‘ ‘ 1 was knocked out * * * knocked down, and when I come to, I got up onto one knee * * * I felt just as though my side was all afire, prickled.” A witness testified that when plaintiff was found on the floor, the telephone was hanging by the wire from the wall. There is equivocal medical proof in the record, but giving it the most favorable inference a jury might say that the physician was of opinion that part of the plaintiff’s condition was due to trauma and shock.
The Trial Term on this evidence dismissed the complaint. We think it reasonable to apply the doctrine of res ipsa loquitur to the facts in the record; that an inference of negligence prima facie is deducible, and that plaintiff has made out a case which should survive defendant’s motion for nonsuit.
Defendant argues that there is no proof that plaintiff had an electrical shock from the telephone. No one in terms has testified that he did, either directly or as an informed opinion. But proof of severe electrical shock is nearly always circumstantial. Even if it has had a true scientific definition, it is not easily describable. A man knocked unconscious by electricity does not experience slowly mounting sensations which he can later retail in court. He is in contact with the agent of electrical transmission and he becomes unconscious. A jury could certainly find from this that electric shock had been the cause. Electricity and its transmission are so widespread in modern life that the jury is under no special need of expert help in deciding ordinary results of what has become a common natural phenomenon.
The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the result.
Foster, P. J., Heffernan and Coon, JJ., concur; Deyo, J., dissents in the following memorandum: I dissent. I find no evidence in this record which would have justified a jury in concluding that the plaintiff suffered an electric shock from contact with the defendant’s telephone.
Judgment reversed and a new" trial ordered, with costs to appellant to abide the event.