## STOUT v. AMERICAN BUS LINES, Inc.

### No. 122, Docket 22518.

United States Court of Appeals
Second Circuit.

Argued Dec. 10, 1952.

Decided Jan. 6, 1953.

Sylvester J. Garamella, Brooklyn, N. Y. (Eugene J. Morris and Fritz W. Alexander, II, New York City, counsel), for plaintiff-appellant.

David Tepp, White Plains, N. Y., for defendant-appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

834

AUGUSTUS N. HAND, Circuit Judge.

This action was brought by the plaintiff, Stout, a passenger on the defendant's bus, to recover damages for injuries alleged to be caused by the negligent operation of the bus. At about daybreak the bus on which the plaintiff was a passenger was proceeding at 45 miles per hour on United States Highway 80 in New Mexico. The road was found to be wet from a drizzling rain. The driver of the bus, whom the district judge seems to have believed, noticed an automobile approaching at a distance of about a quarter of a mile ahead of the bus and on its right or proper side of the road. But when it reached a point about 75 feet ahead of the bus it swerved over to the opposite side of the road, as a result of which the bus was forced to its right and upon the soft shoulder of the highway. The district judge found that: "When the passenger car passed, he [the driver of the bus] pressed the accelerator slightly to pull the bus out of the soft shoulder as he steered to the left to get the bus back on the pavement. The right front wheel came back onto the pavement but the rear wheel spun and slipped in the muddy shoulder. The front of the bus swung across the road at right angles to it causing the left rear wheel as well to go onto the shoulder. The bus was gradually losing speed, but the rear wheels eventually came back on to the pavement where the mud collected from the shoulder caused them to skid around so that the bus was headed opposite to its original direction and on the other side of the road. It went off the pavement there onto the soft shoulder on that side, struck and broke one of the telegraph poles, and then turned slowly onto its right side." [102 F.Supp. 996.]

The judge's findings were supported by the testimony of Mr. and Mrs. Wesley H. Williams who were following the bus in an automobile and were, like the bus, forced off the road. The plaintiff's testimony contradicted that of Williams and his wife as well as that of Collins, the operator of the bus, but the defendant's witnesses were believed by the trial judge, and Williams and his wife were apparently disinterested.

There can be no justification for reversing the trial court in respect to the conclusions it reached. The plaintiff largely relies on the rule of *res ipsa loquitur*, contending that the trial judge erroneously directed his attention solely to the specific acts of negligence testified to by the plaintiff and failed to take into account inferences of negligence arising under that rule when he concluded that the plaintiff had not sustained his burden of proof. But the rule of *res ipsa loquitur* clearly had no application to the situation here. The cause of the accident was satisfactorily explained by the defendant to lie with the oncoming car if his witnesses were believed by the court, as they were, and nothing was left as in the case of an unexplained accident from which negligence could be inferred. The burden of showing negligence remained with the plaintiff, see Plumb v. Richmond Light & R. Co., 233 N.Y. 285, 288, 135 N.E. 504, 25 A.L.R. 685, and this burden the lower court held he did not meet.

The appellant further contends that as a matter of law the speed of the bus, found by the court to be 45 miles per hour, was excessive. The court held such a speed was not excessive and we can see no justification for reversing that finding. While the road was wet at the time of the accident, it was not found to be slippery to any substantial degree. It had a rough surface apparently due to the nature of its asphalt paving. Although it might require a somewhat longer time to arrest the progress of the bus on the road in question when wet than when dry, a speed of 45 miles per hour at daybreak on a straight and level road when the highway was little traveled does not seem to us to have created an unreasonable risk as a matter of law.

The judgment is accordingly affirmed.