STATE OF MARYLAND, for the Use of PETER D'AGOSTINO and Another, et al., Plaintiffs, *v.* BRANCH MOTOR EXPRESS Co. et al., Defendants.

Supreme Court, Special Term, Kings County, October 16, 1953.

*Levy & Harten* for plaintiffs.

*John P. Smith* for Branch Motor Express Co., defendant.

HART, J. Plaintiffs seek to strike out as sham and frivolous (Rules Civ. Prac., rules 103, 104) certain denials which the corporate defendant has interposed to the amended complaint. Specifically, plaintiffs move to strike out the denials of paragraphs " First," " Second," " Third," " Ninth " and " Twelfth " of plaintiffs' pleaded first cause of action and the same denials where the answer repeats them as to other pleaded causes of action (answer, par. " Sixth," " Seventh," " Fourteenth " and " Nineteenth ").

Plaintiffs' intestate, Joseph D'Agostino, met his death as a result of an automobile accident on February 7, 1953, near Elkton, Maryland, when an automobile driven by him collided with a trailer-truck owned by the corporate defendant, and driven by the individual defendant. Plaintiffs' amended complaint seeks a recovery of damages for wrongful death for certain next of kin, pleading Maryland statutes giving such a cause of action.

In paragraph " First " of the amended complaint plaintiffs purport to plead the applicable statutes verbatim. The corporate defendant has denied this paragraph " on information and belief." In its opposing affidavit it is stated that " the denial of this paragraph by defendant is a result of a deter-

mination that the paragraph did not contain a true recitation of the statutes allegedly quoted.''

Maryland law governs as to the substantive rights of the parties, even with respect to interpretation of applicable statutes given by Maryland courts (*Kerfoot* v. *Kelley,* 294 N. Y. 288). Such being the case, plaintiffs must plead and prove such foreign law as they would plead and prove any other essential fact (*Read* v. *Lehigh Valley R. R. Co.,* 284 N. Y. 435, 444; *Kay* v. *Metropolitan St. Ry. Co.,* 163 N. Y. 447, 453; *Cunningham* v. *Dady,* 191 N. Y. 152; *Wetsell* v. *Reilly,* 159 App. Div. 688).

The latitude afforded our courts under section 344-a of the Civil Practice Act, to take judicial notice of foreign law is discretionary. The court is mindful of the case of *Pfleuger* v. *Pfleuger* (304 N. Y. 148) and the dictum expressed therein at page 151. However, a busy Special Term should not be burdened with resort to research of statutes of sister States when it is readily within the means of counsel to submit certified or exemplified copies thereof. The court without resort thereto is unable, therefore, to determine whether the denial is sham or frivolous. Plaintiffs will therefore be left to their proof at the trial.

In paragraph " Second " of the amended complaint plaintiffs allege that under Maryland law " the burden of proof of contributory negligence is on the defendant, and plaintiffs will rely thereon.'' Defendant characterizes this as the pleading of a legal conclusion, not requiring either denial or admission, and within the province of the Trial Judge. In any event, the same observations apply as with respect to the allegations under complaint paragraph " First,'' and the denial will not be stricken out.

In paragraph " Third " of the amended complaint plaintiffs plead the admissibility under Maryland law of a conviction on a " reckless driving " charge of the driver of a vehicle involved in the accident in a civil suit arising therefrom and their intention to introduce such proof. Defendant argues that this too is a legal conclusion. The observations made with respect to the preceding paragraph apply. The motion to strike out defendants' denial of such allegation " on information and belief " is denied.

In paragraph " Ninth " of the amended complaint plaintiffs plead that United States Route 40 at the scene of the accident " was and still is a public highway and a ' through highway ' as hereinbefore defined by the Statutes hereinbefore set forth.''

The opposing affidavit states that "defendant was compelled to deny this paragraph for the reason that the statutes referred to do not define a ' through highway ' ''. In this, defendant is within its rights. The matter will be left to the trial.

In paragraph "Twelfth" plaintiffs specifically plead that the individual defendant herein, the driver of the trailer-truck, was tried and convicted in a Maryland court on a charge of "reckless driving" on the facts involved in this accident "which conviction is hereby referred to and made part hereof as if fully set forth and incorporated herein, and will be produced upon the trial of this action."

Defendant points out that it "was not a party to the proceeding in Maryland, and therefore could have no knowledge of them"; that it, a New York corporation, "cannot be compelled to establish the truth of a fact which is a matter of record of the Town of Elkton, Maryland"; that "further, this defendant can have no knowledge of whether or not the conviction referred to will be produced upon the trial of this action." Defendant's denial is of knowledge or information sufficient to form a belief. Such a denial is warranted.

Plaintiffs refer to a prior decision by this court denying a motion to strike out those portions of the amended complaint which plead the "reckless driving" conviction as aforesaid. Such determination would in no way conflict with the denial of the present motion. The Justice deciding such motion pointed out that motions to strike out allegations of a complaint are not favored and will be granted only on a showing of clear legal basis therefor and prejudice to the opponent. That ruling on a preliminary issue of pleading in no way restricted a fuller determination upon the trial. The motion, accordingly, is denied in its entirety.

Submit order.